## MORRISSEY et al. v. COMMISSIONER OF INTERNAL REVENUE.*

No. 7364.

Circuit Court of Appeals, Ninth Circuit.

Jan. 7, 1935.

*Rehearing denied March 1, 1935.

Theodore B. Benson, of Washington, D. C., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Carlton Fox, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

This petition for review involves deficiencies for income taxes in the sum of $1,-890.55 for the year 1924, $1,623.49 for the year 1925, and $1,036.90 for the year 1926, and is taken from a decision of the Board of Tax Appeals. The question presented is whether or not the trust operated by the trustee petitioners was an "association" within the meaning of section 2 (a) (2) of the Revenue Acts of 1924 and 1926, 26 USCA § 1262 (a) (2).

Briefly stated, the facts are that on October 4, 1921, T. A. Morrissey and James M. O'Brien executed a declaration of trust to certain real estate in the city of Los Angeles, consisting of 155 acres of land, about one-third of which was subdivided into lots in 1921 and 1922, and which were all sold during said years. Such sales were apparently made on the installment basis, and were so treated by the Commissioner in determining the petitioners' income for the years 1923 to 1926, inclusive. On that portion of the tract not subdivided into lots the petitioner in 1922 constructed a golf course, which it thereafter operated until January 12, 1924. In the meantime, however, in July, 1923, petitioner sold the club to a corporation in exchange for all its capital stock, and thereafter petitioners operated the same under a lease from said corporation. During 1924, 1925, and 1926 the petitioners received the sums of $53,560.-65, $21,973.60, and $21,973.60, respectively, as dividends upon the said stock, all of which were returned as income by petitioners for the years in which they were received. Respondent, in his determination of the tax liability of petitioners, eliminated said dividends from the taxable income of petitioners, for the years in which said dividends were so received, treating such dividends as nontaxable against petitioners as an association. The Board determined the petitioners to be an association for the years 1924, 1925, and 1926, and assessed taxes as above stated.

The trust instrument, among other things, authorized the trustees to take and hold, not only the property in question, but any and all other property, real, personal, or mixed, which might thereafter be conveyed or transferred to or acquired by them, and in separate paragraphs from a to z the trust instrument authorized the trustees to engage in all manner of business activities. The instrument further provides that during the continuation of the trust the beneficial interest therein shall be solely evidenced by certificates or shares; that certificates for several thousand shares, at the par value of $100, were issued; that between 1922 and 1926 the number of interest holders varied from 275 to 920. Exclusive management was vested in the trustees; the shareholders' interest being to receive dividends as declared.

The activities of the petitioners, according to the stipulation of facts, during the years 1924, 1925, and 1926 were confined to " * * * (1) Operation of said golf course for the first 12 days of 1924 as aforesaid; (2) Receipt from collection agent bank of principal and interest so collected by said bank in behalf of petitioner; (3) Receipt of credit of interest earned on bank balances; (4) Receipt of assignment fees in assignment of lot-purchase contracts by holders thereof; (5) Conveyance of lots to purchasers thereof; (6) Receipt of dividends from Western Avenue Golf Club, Inc., upon shares thereof owned by petitioner; (7) Distribution of moneys to holders of beneficial interests in petitioner trust by way of dividends and, in some cases, by way of redemption and retirement of their beneficial interests. * * * "

Section 2 (a) (2) of the Revenue Act of 1924, which is applicable to the tax for the year 1924, and the same numbered section of the Revenue Act of 1926, which is applicable for tax for the years 1925 and 1926, are identical, and each act reads as follows: "The term 'corporation' includes associations, joint-stock companies, and insurance companies." The question for this court to determine is whether the petitioners' trust was an

association, taxable as a corporation for the taxable years in question, as determined by respondent, and as found by the Board, or a strict trust, as contended by the petitioners.

The petitioners contend that the declaration of trust under which they are trustees did not create an association within the meaning of the term as used in the several Revenue Acts. They argue that they were not engaged in business; that the element of "doing business" was neither relevant or a controlling factor in the determination of whether a trust is taxable as an association; that there was no such beneficiary control as was necessary to classify petitioners as an association.

The contention of petitioners, that the trust was not engaged in business in the tax years here in question, because its activities in those years had been reduced to the collection of installments and dividends, to the necessary conveying of property previously sold, and the like, is answered to the contrary by the decision of this court in the case of Sloan v. Commissioner, 63 F.(2d) 666 (C. C. A. 9).

 As to the contention that "doing business" is not controlling or relevant, this court in Twin Bell Oil Syndicate v. Helvering, 70 F.(2d) 402, at page 407 (C. C. A. 9), after quoting from its opinion in the Trust No. 5833, Security-First National Bank v. Welch, 54 F.(2d) 323 (C. C. A. 9) said: "There is ample additional authority for the proposition that the 'business' test is now paramount."

Concerning petitioners' contention that the trust in question here is not an association because there is no beneficiary control, it may be said that on a misconception of Crocker v. Malley, 249 U. S. 223, 39 S. Ct. 270, 63 L. Ed. 573, 2 A. L. R. 1601, the Treasury Department promulgated regulations providing that beneficiary control was a prerequisite for holding a trust to be a corporation. However, since the decision in Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 68 L. Ed. 949, the Department changed its regulations and rulings, making proof of beneficiary control unnecessary. Congress thereafter recognized and validated this change in the ruling by section 704 (a) of the Revenue Act of 1928 (26 US CA § 2704 (a); the force of such change being pointed out in Sloan v. Commissioner, supra, and Trust No. 5833, Security-First National Bank v. Welch, supra. It is now well settled that beneficiary control is not a requisite to the taxability of a trust as a corporation. Twin Bell Oil Syndicate v. Helvering, supra.

 Petitioners further contend that section 704 (b) of the Revenue Act of 1928 (26 US CA § 2704 (b) is unconstitutional as an arbitrary exclusion of petitioners from the benefit of said subsection, because it has two trustees instead of having a single trustee. There is no merit in this contention. This law provides that, besides having but a single trustee, the trust must be " * * ·" created and operated for the sole purpose of liquidating real property as a single venture (with such powers of administration as are incidental thereto, including the acquisition, improvement, conservation, division, and sale of such property), distributing the proceeds therefrom in due course to or for the benefit of the beneficiaries, and discharging indebtedness secured by the trust property. * * *"

As under the facts found and the determination thereof, the trust here in question is not a liquidating trust, and thus in any event petitioners would not be entitled to the benefit of said section.

The decision of the Board of Tax Appeals is affirmed.