**Sidney GALT and wife, Duffy Galt**

**v.**

**UNITED STATES of America.**

**Civ. No. 8121.**

United States District Court
N. D. Texas,
Dallas Division.
July 27, 1959.

George E. Ray and Oliver W. Hammonds, Dallas, Tex., for plaintiff.

W. B. West, III and Melvin M. Diggs, Ft. Worth, Tex., Arthur C. Flinders of the Tax Division, Washington, D. C., for the Government.

DAVIDSON, Chief Judge.

This is a suit by the plaintiff Sidney Galt and wife to recover taxes paid by him and his wife in excess of that which he insists was lawfully due.

The plaintiff is a member of an association organized in 1954 called the Southwest Clinic Association composed of a number of doctors. They wrote out articles of association covering in substance all of those things that would have been covered in an active incorporation or charter issued to them under the laws of the State of Texas had the laws of the state permitted doctors to form corporations. However, the laws of Texas only admit corporations to be formed by those and for those purposes which are especially enumerated in the statute and a corporation of this type for the practice of medicine and the operation of a clinic is not authorized by the Texas statute. There is, however, no provision in the Texas law which forbids the organization of an association of men in similar terms to those embraced within the articles of incorporation. These doctors prepared for their clinic's assembly and association everything substantially the same as if they had been incorporated under the corporation laws of the state. They continued such operation for a number of years and the taxes allegedly due arise by reason of this association.

The plaintiff being a member of such association on the 31st of December, 1954, filed a joint income tax return for himself and wife. Also a tax return was filed for the association and the tax paid. The Revenue Department upon examination of the returns determined that for taxable purposes the association should be treated as a partnership and the money that was paid in the name of the association should be broken down and paid by the respective members of the association. The part thus assessed against the plaintiff, Dr. Galt, was paid under protest and he now brings suit to recover the same taking the position that the tax liability was discharged by payment in the name of the association.

Section 7701(a) (3) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7701 (a) (3) lists corporations and associations in the same tax category and the association claims the right to pay taxes on the same basis as if it were a corporation duly incorporated. Each party respectfully insists that there is or is not precedent for its respective position.

We have always been a great admirer of John Marshall's decisions. Take for instance the Dartmouth College case, Trustees of Dartmouth College v. Woodward, 4 Wheat. 518, 4 L.Ed. 629, in which Daniel Webster appeared as leading counsel. John Marshall wrote a famous decision often quoted. His associate, Judge Story, wrote also a lengthy opinion concurring in what Marshall had said. In Story's opinion many, many authorities were quoted. In Marshall's opinion no authority was quoted.

We feel that the rights of the parties may be stated and determined under the elementary principles of justice, since it does not appear to our satisfaction that any other decision has definitely dis-

posed of the question before us. The question in fact resolves itself into a simple proposition: That an association couched in similar language to the language of a charter of a corporation should be treated for tax purposes in the same manner that the corporation is treated.

Let us state the case in the reverse from the way the government views it. Let's assume that in the classification of the taxpayers that the Revenue authority is charged with making the classification of the association or corporation and suppose that under its classification that an association owed more tax than a corporation. The Treasury Department could readily be found to insist that the concern pay as an association rather than a corporation.

The fact that a business institution may have a corporate name or an adopted name as an association presents no ground for a difference in its tax liability where they do and perform similar acts with relation to each other and to the public.

The testimony in the case meets all the requirements of an incorporation under the laws of Texas if the laws of Texas permitted doctors to incorporate, but since the state law does not permit doctors to incorporate but associate themselves together to do the identical things that they otherwise would do if incorporated they are due the same tax in the same way as though they were incorporated.

We think the association was entitled to be treated for tax purposes as though it was a corporation and the act of a state can neither raise nor lower the federal taxes that may be due by the association by whatever name it may be called under the laws of the particular state.

We think the position of the plaintiff is sound and that he is entitled to have the clinic associated as it is pay taxes as though it was a corporate body under the laws of the state.

NOTE: Since pronouncement of this decision in court Honorable Richard L.

Mackay has called the Court's attention to his article in the Southwestern Law Journal, Volume X, Number 3, Summer, 1956, in which the Kintner case, United States v. Kintner, 9 Cir., 216 F.2d 418, has been discussed and I find it to be very much in harmony with the Court's views.