**Lawrence G. EMPEY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 66-C-373.**

United States District Court
D. Colorado.

Aug. 31, 1967.

Drexler & Wald, Ellis J. Sobol, and Stanley L. Drexler, Denver, Colo., for plaintiff.

Lawrence M. Henry, U. S. Atty., District of Colorado, Denver, Colo., Mitchell Rogovin, Asst. Atty. Gen., Jerome Fink and Kenneth L. MacCardle, Attys., U. S. Dept. of Justice, Washington, D. C., for defendant.

Davis, Graham & Stubbs, Howard W. Rea, Denver, Colo., for the Colorado Bar Assn., as amicus curiæ.

## MEMORANDUM OPINION AND ORDER

CHILSON, District Judge.

This is a civil action for refund of federal income tax paid by the plaintiff for the calendar year 1965.

The Court has heard the evidence, argument of counsel and has considered the briefs filed by the parties and the Colorado Bar Association as amicus curiæ.

The parties have filed a statement of agreed facts which the Court adopts as its Findings of Fact insofar as the agreed facts are material to a determination of the issues.

The broad question here involved is whether or not professional men such as lawyers and doctors can organize in such a way as to be taxed as a corporation for federal tax purposes.

More precisely, the question is whether or not Drexler and Wald Professional Company (hereafter called Drexler and Wald) which was incorporated under the laws of the State of Colorado to engage in the practice of law, should be taxed as a corporation or a partnership for federal income tax purposes.

If taxed as a corporation, plaintiff, who was an employee of Drexler and Wald, prevails. If taxed as a partnership, the claim for refund fails.

The Treasury Department takes the position that because of the nature of the relationship between doctor and patient and lawyer and client they cannot by organizing or incorporating achieve the status of a corporation for federal tax purposes.

The background leading to this position starts with the unsuccessful attempt of the Treasury Department to tax certain unincorporated associations of doctors as partnerships rather than as corporations. See United States v. Kintner, 216 F.2d 418 (C.A. 9th-1954); Galt v. United States, 175 F.Supp. 360 (N.D. Tex.-1959).

The Internal Revenue Service announced that it would not follow the Kintner decision, (Rev.Rul. 56–23, 1956–1; Cum.Bull. 598) and in 1960, the Treasury adopted regulations designed to offset the effect of the Kintner and Galt cases and to make it as difficult as possible for *unincorporated organizations* to be taxable as corporations. (Unlike the 1965 regulations, the 1960 regula-

tions do not appear to be directed at *(incorporated organizations)*.

As a result, self-employed professional people sought from the state legislatures laws allowing them to incorporate and thereby obtain benefits of taxation as corporations under the federal income tax laws or, as in the case of the Colorado Bar, appealed to the rule-making authority for amendments permitting the practice of law by corporations. Some 34 states adopted statutes designed to permit professional men to obtain "association" or "corporation" status for federal tax purposes and the Colorado Supreme Court adopted Rule 265 permitting lawyers to form professional service corporations for the practice of law.

The 1965 Treasury Regulations involved in this proceeding were made

"In response to an outpouring of state legislation authorizing the formation of professional service corporations or professional service associations aimed at providing professional men, such as lawyers or doctors, with the means of achieving corporate or association status for federal tax purposes." (Page 12 defendant's trial brief.)

In essence, the regulations provide that an organization of professional men, incorporated or unincorporated, cannot be taxed as a corporation unless " * * the corporate characteristics are such that the organization more nearly resembles a corporation than a partnership or a trust." (Treasury Regulations, Section 301.7701–2(a)).

The purpose of the 1965 regulations is stated at page 18 of defendant's trial brief to be:

" * * * an administrative explanation of why professional men *cannot*, absent a much more severe departure from the norms of professional regulation enforced by the States and the traditional mode of organization and operation permitted professionals joined together in a mutual enterprise, achieve the status of 'corporations' or

'associations' under the Federal taxing statute." (Emphasis supplied.)

## VALIDITY OF REGULATIONS

As just noted, the regulations require that Drexler and Wald, even though formally incorporated, be taxed as a partnership unless its corporate characteristics are such that it more nearly resembles a corporation than a partnership.

The classification of an incorporated organization as a partnership is inconsistent with the statutory definitions of partnerships and corporations found in Sec. 7701(a) of the 1954 Internal Revenue Code, which reads as follows:

"(2) PARTNERSHIP AND PARTNER.—The term 'partnership' includes a syndicate, group, pool, joint venture, *or other unincorporated organization,* through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation; and the term 'partner' includes a member in such a syndicate, group, pool, joint venture, or organization. (Emphasis supplied)

"(3) CORPORATION—The term 'corporation' includes associations, joint-stock companies, and insurance companies."

There has been no substantial change in these statutory definitions since the Revenue Act of 1932 and they are identical to the definitions in the 1939 Code.

■ An examination of the foregoing statutory definition of a "partnership" reveals that the definition refers only to "unincorporated" organizations. By this definition "incorporated" organizations are necessarily excluded. The defendant has cited no cases and we have found none which has construed the term "partnership" to include an "incorporated" organization, nor has the defendant referred to any legislative history which would indicate a Congressional intent to do so. Even if the partnership definition permitted the inclusion of incorporated organiza-

tions, neither the statute nor the case law supports the Treasury's position that organizations of professional men such as doctors and lawyers must be taxed as partnerships and not as corporations.

There is no such provision in the statute and judicial construction of the statute is to the contrary.

In 1936 in Pelton v. Commissioner, (C.A.-7th) 82 F.2d 473, the Court upheld the Commissioner's contention that an unincorporated association of doctors should be treated for federal tax purposes as a corporation even though an Illinois Supreme Court decision held that a corporation could not practice medicine in Illinois.

In 1954 in United States v. Kintner, (supra), 216 F.2d 418 (C.A. 9th-1954), the United States urged the taxation of an unincorporated association of doctors operating a clinic as a partnership. The Court rejected the Government's position, cited the *Pelton* case with approval, and held the association taxable as a corporation.

In 1959 in Galt v. United States, (supra), 175 F.Supp. 360 (N.D.-Tex.), the District Court held an unincorporated association of doctors taxable as a corporation, although Texas does not authorize a corporation for the practice of medicine. The Court stated the *Kintner* decision " * * * to be very much in harmony with the Court's views."

There appears to be no case law to the contrary and Congress has not seen fit to take any legislative action to repudiate this uniform and long-standing judicial construction of the statute.

■■ The Court concludes that the Treasury regulations are inconsistent with the statute and the judicial construction thereof and that the regulations constitute the exercise of a non-delegable legislative function and are invalid and unenforceable. A.L.A. Schechter Poultry Corp. v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570 (1935); Panama Refining Co. v. Ryan, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446 (1935); United States v. Zions Savings and Loan

Association, 313 F.2d 331 (C.A. 10th, 1963).

## CORPORATE CHARACTERISTICS

The invalidity of the regulations is decisive of plaintiff's right to recover, but if it is assumed, arguendo, that they are valid and enforceable, the question is whether Drexler and Wald more nearly resembles a corporation or a partnership.

The regulations set forth "* * * a number of major characteristics ordinarily found in a pure corporation which, taken together, distinguish it from other organizations." The characteristics listed are: (1) Associates; (2) An objective to carry on business and to divide the gains therefrom; (3) Continuity of life; (4) Centralization of management; (5) Liability for corporate debts limited to corporate property; and (6) Free transferability of interest.

The regulations then provide a test that if the corporate characteristics are such that the organization more nearly resembles a corporation than a partnership, it is taxed as a corporation, otherwise, it is taxed as a partnership.

The Court finds from the evidence:

1. Drexler and Wald Company has associates.

2. Its objective is to carry on the practice of law for profit and to divide the gains therefrom.

3. By its charter it has perpetual life and it has continuity of life within the requirements of the regulations in that death, insanity, bankruptcy, retirement, resignation or expulsion of any member will not cause or require a dissolution of the corporation.

4. The lawful authority of the company is vested in its directors and officers and the evidence discloses that the directors and officers have exercised their powers of management although routine matters are handled by the office manager.

5. Shareholders are liable for corporate debts except during periods of time when the corporation shall maintain lawyers' professional liability insurance in specified amounts; the Court finds that Drexler and Wald has at all times carried such insurance in the specified amounts and that the nature of the liability of the shareholders of Drexler and Wald is more similar to that of a corporate shareholder than to that of a partner.

6. The transferability of the shareholders' interests in Drexler and Wald is restricted to transfers to lawyers who are actively engaged in the practice of law in the offices of the corporation or to the corporation.

■ The Court further finds that the corporate characteristics of Drexler and Wald are such that the organization more nearly resembles a corporation than a partnership.

The Treasury's position that organizations of doctors and lawyers cannot meet the test of corporate resemblance is contrary to the facts as found by the Court and is contrary to *Pelton* and *Kintner*, (supra). In both cases the Courts found that an unincorporated association of doctors had sufficient corporate characteristics to require their taxation as corporations.

In the instant case, Drexler and Wald has all the corporate characteristics of the associations in *Pelton* and *Kintner* and in addition is an incorporated organization.

The Court concludes that Drexler and Wald was a corporation for federal income tax purposes in the year 1965 and the plaintiff is entitled to a refund of federal income taxes for the year 1965 in an amount to be stipulated by the parties or to be determined by the Court if the parties are unable to agree.

It is further ordered that the plaintiff and defendant shall have 10 days from this date to stipulate the final judgment to be entered herein in favor of the plaintiff or in the alternative to request a date for further hearing.