**ST. LOUIS PARK MEDICAL CENTER, Northwestern National Bank of Minneapolis, as Trustee of the St. Louis Park Medical Center Pension Plan and Trust, and Wyman E. Jacobson and Marion E. Jacobson, Plaintiffs,**

v.

**George O. LETHERT, District Director of Internal Revenue for the District of Minnesota, Defendant.**

No. 3-68 Civ. 77.

United States District Court
D. Minnesota,
Third Division.
June 28, 1968.

Nielsen, Stock & Blackburn, by D. James Nielsen, Minneapolis, Minn., for plaintiffs.

Patrick J. Foley, U. S. Atty., by Roland J. Faricy, Asst. U. S. Atty., Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

This case is before the court on the motion of the Collector of Internal Revenue to dismiss plaintiffs' complaint for failure to state a claim upon which relief may be granted and for lack of jurisdiction of this court to entertain the action. Also before the court is the motion of the plaintiffs for a preliminary injunction to restrain the defendant and his agents from illegally assessing or collecting or attempting to assess or collect income taxes from the plaintiffs during the pendency of this lawsuit.

Plaintiffs seek a declaratory judgment that the St. Louis Park Medical Center ("Medical Center") is an association taxable under the Internal Revenue Code as a corporation and that its pension plan and trust is "qualified" under the Internal Revenue Code. The complaint further seeks an order permanently enjoining the defendant from:

"* * * treating SLPMC [St. Louis Park Medical Center] other than as an association, taxable as a corporation within the meaning of the Internal Revenue Code or from assessing, attempting to assess or from collecting or attempting to collect income taxes from any of the plaintiffs herein, or those other employees of SLPMC whose interests are herein

represented solely for the reason that the defendant, the District Director of Internal Revenue for the District of Minnesota has or may have denied that the plaintiff, SLPMC, is an association taxable as a corporation within the meaning of the Internal Revenue Code of the United States of America."

The plaintiffs bring this action purportedly on behalf of themselves and on behalf of all others similarly situated who are holders of certificates indicating ownership of Units of Beneficial Interest in the Medical Center pension plan and/or who are employees of the same. No attempt, however, as yet has been made to comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure for the maintenance of a class action.

The controversy primarily concerns the federal tax status of the Medical Center, a Minnesota business trust. Plaintiffs contend that the Medical Center is taxable under the federal income tax laws as a corporation and thus a pension plan for the persons, including physicians, employed by it is a "qualified" trust under Int.Rev.Code of 1954, § 401(a), and therefore entitled to the tax treatment provided by Int.Rev.Code of 1954, § 501(a). The Medical Center and the trustee of its pension fund, plaintiff Northwestern National Bank of Minneapolis have been advised by formal letter that the District Director of Internal Revenue has determined the Medical Center does not qualify as a corporation under the so-called "Kintner" Regulations Treas. Reg. § 301.7701–1 to 11 (1960), as amended T.D. 6797, 1965–1 Cum.Bull. 553, and therefore the pension plan is not "qualified" under the Int. Rev.Code of 1954.

■ It seems clear first that plaintiffs' request for declaratory relief fails to state a claim upon which relief may be granted. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides:

"In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes*, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." (Emphasis added)

Plaintiffs seek here a declaratory judgment with respect to its tax status under the Internal Revenue Code. As such, the relief sought is clearly outside the area in which Federal courts are empowered to grant declaratory relief. See United States v. Teitelbaum, 342 F.2d 672 (7th Cir.1965); Singleton v. Mathis, 284 F.2d 616 (8th Cir.1960).

■ It is not seriously disputed that as a general rule a taxpayer may not seek to enjoin the assessment or collection of federal income or other taxes. Int.Rev.Code of 1954, § 7421(a) provides:

"Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b) (1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

However, plaintiffs seek to bring the present case within the purview of the holding of the Supreme Court in Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932). This case is the principal authority for the proposition that if there is no legal possibility that the Government ultimately could prevail against the taxpayer, then the policies underlying § 7421(a) of the Internal Revenue Code have no force, and, if it is made to appear that special or extraordinary cir-

cumstances exist sufficient to warrant the granting of equitable relief through injunctive measures, then a suit to enjoin assessment or collection may be maintained. As expressed by the Supreme Court in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, at 7, 82 S.Ct. 1125, at 1129, 8 L.Ed.2d 292 (1962):

> " * * * if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act [Section 7421(a)] is inapplicable and, under the *Nut Margarine* case, the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in 'the guise of a tax'."

The Court of Appeals for the Eighth Circuit in Transport Manufacturing and Equipment Co. of Delaware v. Trainor, 382 F.2d 793, 798 (8th Cir.1967), recently stated the exception to the general rule as follows:

> " * * * Under the doctrine of Miller v. Standard Nut Margarine Co., supra, a taxpayer to avoid the bar of Section 7421(b) must show both the illegality of the tax as applied to him and the existence of 'extraordinary or exceptional circumstances' which warrant equitable relief."

In support of their contention that the government under no circumstances ultimately could prevail in its determination that the Medical Center is a partnership and not a corporation for federal income tax purposes, plaintiffs cite two recent District Court cases. O'Neill v. United States, 281 F.Supp. 359 (N.D. Ohio 1968) and Empey v. United States, 272 F.Supp. 851 (D.Colo.1967), holding Treas. Reg. Sec. 301.7701–2(h) of the amended "Kintner" Regulations invalid as imposing more stringent requirements for professional service organizations than for other organizations seeking to qualify for corporate tax treatment. See also S. Scallen, Federal Income Taxation of Professional Associa-

tions and Corporations, 49 Minn.L.Rev. 603 (1965), questioning seriously the validity of the amendments to the "Kintner" Regulations.

■ While strong doubt exists in this court's mind as to the validity of the amendments to the "Kintner" Regulations here at issue, the court cannot be altogether certain "that under no circumstances could the Government ultimately prevail", see *Enochs*, supra, at 370 U.S. 7, 82 S.Ct. 1129. The Government has represented to the court that the *Empey* case is presently on appeal to the Court of Appeals for the Tenth Circuit, and that it appears that the *O'Neill* case also will be appealed. Considering the complexity of the question, this court cannot say that an exaction by the Internal Revenue Service upon the plaintiffs in accordance with its determination of plaintiffs' tax status would be merely "in the guise of a tax".

■ In any event, and even were this court to hold that under no circumstances could the government ultimately prevail against the taxpayers, it is clear that there has been no showing made that extraordinary or exceptional circumstances exist that would warrant the granting of equitable relief. More specifically, there is no indication in the record that irreparable harm would result to plaintiffs were they to be taxed in accordance with the preliminary determination of the District Director, and then either resist payment and litigate in the tax court or pay the tax and bring suit for a refund, as did the taxpayers in *O'Neill* and *Empey*, supra. The taxpayers' situation in the present case contrasts sharply with that of the taxpayer in the *Nut Margarine* case, where the court stated, at 284 U.S. 510, 511, 52 S.Ct. 263, 264:

> " * * * It requires no elaboration of the facts found to show that the enforcement of the Act against respondent would be arbitrary and oppressive, *would destroy its business, ruin it financially and inflict loss for*

*which it would have no remedy at law.*" (Emphasis added)

The taxpayers in the present case would seem to have an adequate remedy at law by proceeding in either of the usual ways to question any taxes erroneously assessed against them. See Int. Rev.Code of 1954, § 7422; Brown v. Lethert, 360 F.2d 560 (8th Cir.1966); Missouri Valley Intercollegiate Athletic Association v. Bookwalter, 276 F.2d 365 (8th Cir.1960).

■ No irreparable harm has been demonstrated. Plaintiffs urge that unless enjoined, the defendant would make or attempt to make unnecessary examinations and investigations of the plaintiffs' books and records. Substantial argument on this point was made in briefs submitted by both sides. Plaintiffs seem particularly irritated because for the past years of 1960–1963 the same issue was raised and under threat of litigation was determined favorably to plaintiffs. If and when defendant seeks the production of the books and records of the taxpayers for purposes of examination and inspection, the plaintiffs' remedy if such is unwarranted is to object to the government's summons requiring such production, and at the hearing thereon to support with proper evidence their contentions that the proposed examination or investigation is unnecessary, or "vexatious" and "discriminatory", as plaintiffs here allege. See Int.Rev.Code of 1954, §§ 7602 and 7605; Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). At the present time the court has nothing before it to indicate that such examinations are being made or are imminent or that if made such would be in the condemned category. To enjoin such upon the basis of the present record would be to act upon pure speculation and conjecture.

A separate order dismissing plaintiffs' complaint has been entered.