Hiram D. and Mary H. COCHRAN et al.,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Irene R. HEWITT et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Earl R. BALDWIN, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. Nos. 2421, 2430, 2431.

United States District Court
D. Arizona.

Feb. 12, 1969.

---

Don S. Harnack, Chicago, Ill., and W. E. Dolph, Jr., Tucson, Ariz., for plaintiffs.

A. Jerry Busby, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT

CRAIG, District Judge.

The above entitled cases were consolidated for trial before the Court in Tucson, October 28, 1968. The cases were tried upon an agreed statement of facts, certain exhibits received in evidence and oral testimony. The actions were instituted to recover income taxes and interest assessed against the several plaintiffs by the Director of Internal Revenue for the calendar year 1965. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1346(a). The claims of the respective plaintiffs were duly filed and were in compliance with the provisions of Title 26 U.S.C. § 7422.

As of January 1, 1964, an association of doctors, generally known as The Tucson Clinic, formed a professional corporation pursuant to the provisions of § 10–901 et seq., Arizona Revised Statutes, and thereafter conducted their professional activities within the scope of the corporate framework. The purpose of forming the corporation was both economic and managerial.

The Commissioner of Internal Revenue sought to tax the professional personnel of the corporation for the year 1965 as partners, rather than as shareholders of the corporate entity. The basis of the Commissioner's efforts to tax were the regulations of the Department designated as §§ 301.7701–2(a)–(h), as amended.

Subsequent to the trial of the action, each of the several parties has submitted briefs, as have Amici.

The Court being fully advised in the premises finds as follows:

### FINDINGS OF FACT

1. The Tucson Clinic, P. C., is a duly organized professional corporation under the law of the State of Arizona, § 10–901 et seq., Arizona Revised Statutes.

2. The corporation commenced its business operations January 1, 1964, at Tucson, Arizona, and during the years 1964 and 1965 conducted its business in accord with the provisions of the Arizona Professional Corporation Act.

3. During the calendar years 1964 and 1965 the corporation complied with the requirements imposed by the federal income tax statutes upon corporations organized and operated for profit.

4. The stockholders of the corporation held regular annual meetings in accord with the provisions of the corporation's Articles of Incorporation and Bylaws in each of the calendar years 1964 and 1965.

5. The Board of Directors of the corporation held regular meetings during each of the calendar years 1964 and 1965 in accord with the corporation's Articles of Incorporation and Bylaws.

6. In the years 1964 and 1965 the officers and board of directors of the corporation were duly elected in accord with the provisions of the Articles of Incorporation and Bylaws of the corporation.

7. During the calendar year 1965 the corporation had a total of 139 employees, 22 of whom were stockholders of the corporation.

8. During the calendar year 1965 the board of directors of the corporation, acting within the scope of its authority, adopted the Tucson Clinic Profit Sharing Plan, and caused the creation of the Tucson Clinic Profit Sharing Trust, and the corporation contributed $30,000.00 to the

trust in 1965, no part of which was distributed or made available to any employee in 1965. Seventy-three of the corporation's one hundred thirty-nine employees were covered under the provisions of the plan.

9. In the calendar year 1965 each of the physician-employees of the corporation was employed in accord with the terms and provisions of a written contract.

10. The board of directors' executive committee and the officers of the corporation determined its business policy and implemented management decisions during the calendar years 1964 and 1965 within the scope of the Articles of Incorporation and Bylaws of the corporation.

11. Since its organization the corporation has executed leases, contracts for services, and has purchased miscellaneous property and supplies in the corporate name. It has taken title to property and assets solely in its corporate name.

12. In accord with Arizona law, and the Articles of Incorporation and the Bylaws of the corporation the stockholders have no voice in the management of the corporation as individuals.

## CONCLUSIONS OF LAW

1. The Tucson Clinic, P. C., an Arizona corporation, was taxable as a corporation for federal income tax purposes for the calendar year 1965.

2. Plaintiffs were employees of a corporate employer for federal income tax purposes during the calendar year 1965.

3. By virtue of the defendant's refusal to tax the Tucson Clinic, P. C., as a corporation as defined in Title 26 U.S.C. § 7701(a) (3), plaintiffs have overpaid federal income taxes, with interest, for the calendar year 1965 as asserted in plaintiffs' complaint.

4. Plaintiffs have overpaid federal income taxes for the calendar year 1965, together with interest, because of the inclusion in plaintiffs' income by defendant of income attributable to the corporation's contribution to the Tucson Clinic Profit Sharing Trust.

5. If any finding of fact herein involves matters of both fact and law, to the extent that any such finding of fact may be construed more properly as a conclusion of law, the same is hereby adopted and incorporated herein as a conclusion of law.

In this case, as in other recent cases, the Commissioner of Internal Revenue has attempted, by regulatory procedures, to tax a professional corporation as a partnership. Under the language of the statutes as adopted by the Congress of the United States this simply cannot be done.

The language of the District Court in Kurzner v. United States, D.C., 286 F. Supp. 839, applies in this case. The Tucson Clinic, P. C., is validly incorporated under Arizona law, and under the unequivocal express terms of § 7701(a) of the Internal Revenue Code of 1954, it cannot constitute a partnership for tax purposes, and must constitute a corporation.

By the use of regulatory authority the Commissioner has apparently attempted to circumvent the clear language of Congressional enactment as judicially determined in United States v. Kintner, 9 Cir., 216 F.2d 418; Galt v. United States, D. C., 175 F.Supp. 360; Foreman v. United States, D.C., 232 F.Supp. 134. The invalidity of the 1965 regulations promulgated by the Commissioner can no longer be in doubt.

The principles pronounced in Morrissey v. Commissioner of Internal Revenue, 9 Cir., 74 F.2d 803; Kintner, supra; Pelton v. Commissioner of Internal Revenue, 7 Cir., 82 F.2d 473; and Galt, supra, cannot be abrogated through the guise of administrative regulation. See, also, Empey v. United States, D.C., 272 F.Supp. 851, and United States v. Empey, 10 Cir., 406 F.2d 157. As stated in the latter case, this Court is of the opinion that the 1965 regulations are unreasonable and plainly inconsistent with the revenue statutes, and are, therefore, in-

valid. Moreover, this Court is of the opinion that the 1965 regulations amount to an attempt to legislate, and are, therefore, invalid.

Wherefore, it is ordered, adjudged and decreed that plaintiffs have judgment as prayed for.