Charles E. VAN EPPS and Helen P. Van Epps, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Robert E. JONES and Florence V. Jones, Plaintiffs,

v.

UNITED STATES of America, Defendant.

William D. LAWRENCE and Mardelle L. Lawrence, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Nos. Civ. 6600–6602.

United States District Court
D. Arizona.

April 2, 1969.

Hunter, Bartlett & Penn, Phoenix, Ariz., for plaintiffs.

Edward E. Davis, U. S. Atty., for the District of Arizona, Phoenix, and A. Jerry Busby, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## OPINION AND ORDER

COPPLE, District Judge.

Plaintiffs herein are doctors, licensed to practice medicine in the State of Arizona. They are shareholders and directors of the Medical Center Obstetrics & Gynecology Clinic, P. C., a corporation duly incorporated in 1962 under the Arizona Professional Corporation Act, A.R. S. § 10–901 et seq. After plaintiffs filed their 1965 income tax return, as employees of the corporation, the Commissioner of Internal Revenue sought to tax them as partners and assessed a deficiency for 1965. The plaintiffs paid the deficiency, filed a claim for refund, and when no action was taken on their claim for six months, they filed these actions to recover the taxes paid. The actions presented common questions of law and fact and were consolidated; the matter is now before the Court on plaintiffs' motion for summary judgment.

The defendant's attempt to tax the plaintiffs as partners, rather than shareholders of a corporation, is based on the Treasury Regulations on Procedure and Administration §§ 301.7701–2(a)–(h), and the question before this Court turns on the validity of these regulations. To date the courts ruling on this question have unanimously held the regulations to be invalid. See Cochran v. United States, 299 F.Supp. 1113 (D. Ariz. February 12, 1969); O'Neill v. United States, 281 F.Supp. 359 (N.D. Ohio 1968); Kurzner v. United States, 286 F.Supp. 839 (S.D.Fla.1968); Empey v. United States, 272 F.Supp. 851 (D. Colo.1967); Holder v. United States, 289 F.Supp. 160 (N.D.Ga.1968). This Court agrees with Judge Craig's statement in *Cochran, supra,* that "[t]he invalidity of the 1965 regulations promulgated by the Commissioner can no longer be in doubt."

The tax status of the plaintiffs' organization must be determined by the definition of the statute, 26 U.S.C. § 7701, and the undisputed evidence submitted by the plaintiffs leaves no doubt that the organization must be taxed as a corporation, and the plaintiffs as shareholders in that corporation. The corporation has been duly incorporated pursuant to the Arizona Professional Corporation Act; the liability of the shareholders is limited by the articles of incorporation; the articles provide for centralized management of the clinic; there is a continuity of life; and a relatively free transferability of interests. There being no genuine issue of fact as to the existence of these factors, the Medical Center Obstetrics & Gynecology Clinic, P. C., must, as a matter of law, be treated as a corporation for federal income tax purposes and the plaintiffs are entitled to a summary judgment on that question.

The plaintiffs have not, however, established that there is no genuine issue of fact as to the amount of recovery prayed for, and the defendant has denied plaintiffs' request for an admission that the plaintiffs' computations are correct. If the parties are able to agree on the amount due the plaintiffs, they will submit a formal judgment to the Court; if not, counsel for plaintiffs will notify the Court within thirty (30) days so that the question of the amount due can be set down for prompt hearing. Accordingly,

It is ordered that the plaintiffs' motion for summary judgment is granted as to the liability of the defendant and is denied as to the amount plaintiffs are entitled to recover.