**Roy R. HANSEN and Dollie L. Hansen, Plaintiffs,**

**v.**

**UNITED STATES of America, Department of the Treasury, and Internal Revenue Service, Defendants.**

**No. 78–4069–CV–C.**

United States District Court,
W. D. Missouri, C. D.

Sept. 19, 1978.

Roy R. Hansen, pro se.

Dollie L. Hansen, pro se.

Samuel M. Simpson, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

ELMO B. HUNTER, District Judge.

Plaintiffs, owners of the Linncreek Auction establishment in Linn Creek, Missouri, have filed a civil suit for refund of certain taxes paid to defendants for the year 1974 and for declaratory relief concerning tax liability for the years 1974 and 1975.

From the complaint, it appears that plaintiffs operate an auction house in Camden County, Missouri. They assert that auctioneers who conduct sales at the auction house are independent contractors; on this basis plaintiffs allege that they are not obligated to withhold FICA taxes from the auctioneers' pay or submit the fruits of that withholding to the Internal Revenue Service (IRS). The complaint alleges that plaintiffs sought advice from the Springfield, Missouri, IRS office in March 1974 concerning the necessity for withholding FICA taxes from the auctioneers' pay. Springfield IRS officials allegedly advised plaintiffs not to withhold FICA taxes and to treat their workers as independent contractors for tax purposes. The complaint also asserts that another IRS employee determined in September 1976 that plaintiffs were liable for FICA taxes for their workers. An assessment of approximately $4500 was imposed as the result of this determination. Plaintiffs allege that they faithfully attempted to exhaust administrative remedies with the IRS and that they tendered a check for $92.66, their liability for the first quarter of 1974, on December 22, 1977. The check was apparently returned to them in February 1978. This action results from plaintiffs' continuing efforts to resolve their difficulties with the IRS.

On May 26, 1978, Robert Livingston, Chief of the IRS Western Region Civil Trial Section sent plaintiffs a letter which sheds further light on the issues presented by this case:

> The basic problem which confronts us is that you're [sic] payment of $92.66 on December 22, 1977 was premature. As of that date, there had not yet been a tax assessment against you for the subject employment taxes. Since no assessment had been made, you were mailed a check dated February 3, 1978 for $93.25 representing a return of your $92.66 payment.

> Please be advised that by sending you the $93.25 check, we in no way meant to suggest that we were conceding that you are not liable for the employment taxes which were subsequently assessed on March 13, 1978. On the contrary, it is our opinion that you are indeed responsible for the payment of these taxes. The fact that our issuance of the $93.25 check closely followed your December 27, 1977

letter requesting a "repayment or refund" was purely coincidental and we apologize for any confusion this might have caused. Since you forwarded your $92.66 check before the tax assessment was made against you, it did not serve as a "payment" towards such tax assessment. You cannot pay a tax assessment which is not yet in existance [sic] . ..

This now brings us to the crux of the problem. As of the date you filed your complaint, you had not paid the March 13, 1978 tax assessment and had not filed a claim for refund. Therefore, your lawsuit was defective and the Court is without jurisdiction.

. . .

You can . . . cure the jurisdictional defects with relative ease. Since you returned the $93.25 check, and we received it after the March 13, 1978 tax assessment date, we have treated it as a "payment" towards said assessment. You can now file a claim for refund with the Internal Revenue Service if you wish. As part of your claim for refund, you can request an immediate disallowance of said claim, upon receipt of which you can file another lawsuit in Federal District Court. If you don't request an immediate disallowance you can file another lawsuit following the expiration of six months from the date you file your claim for refund, or after your claim has been formally disallowed, whichever date occurs first.

We encourage you to take the steps outlined above to cure the jurisdictional problems present in this case. Also, we request that you seek to have the present lawsuit dismissed with the understanding that you may file another lawsuit after satisfying all jurisdictional prerequisites.

. . .

As noted by Mr. Livingston, the "crux of the problem" is whether this Court currently has jurisdiction to hear plaintiffs' claims. In their answer to plaintiff's complaint, defendants contend that the Court currently lacks jurisdiction over this suit. They seek its dismissal on that basis. Plaintiffs, on the other hand, apparently argue that even though no formal assessment was made against them by the IRS until March 1978, their December payment of part of their total liability together with a letter requesting repayment or refund was sufficient to satisfy the jurisdictional prerequisites involved in this action.

Title 26 U.S.C. § 7422(a), which is cited by defendants as authority for their contention that this Court lacks jurisdiction over this suit, states:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . according to the provisions of law in that regard . . . .

Section 6532 of the Internal Revenue Code states that no suit under section 7422 may be brought until "the expiration of six months from the date of filing the claim required under that section unless the Secretary [of the Treasury] or his delegate renders a decision thereon within that time . . . . ."

For purposes of this suit, then, the Court lacks jurisdiction under § 7422 until there has been an assessment of tax allegedly owed, payment of the assessment, submission of a proper claim for refund by the taxpayer, and passage of six months from submission of the claim or its denial by the IRS. "Assessment" for this purpose is defined as a formal administrative determination of tax liability; until the assessment has been made, the tax has not been found to be owing. *In re Western Trading Co.*, 340 F.Supp. 1130 (D.Nev.1972); *accord, Cohen v. Gross*, 316 F.2d 521 (3d Cir. 1963); *Pipola v. Chico*, 169 F.Supp. 229 (S.D.N.Y. 1959).

From the Livingston letter, it appears that they have tendered payment of some of their disputed tax bill in response to an audit. At the same time, however, plaintiff's request for refund, which was filed several months before the formal assess-

ment, is insufficient because it was tendered before the IRS had officially determined that plaintiffs allegedly owed a tax. The filing of a proper and timely claim for refund is an absolute prerequisite to suit under § 7422. *See, e. g., Clement v. United States,* 472 F.2d 776 (1st Cir. 1973); *Bohn v. United States,* 467 F.2d 1278 (8th Cir. 1972); *National Newark and Essex Bank v. United States,* 410 F.2d 789 (Ct.Cl.1969); *United States v. Wells Fargo Bank,* 393 F.2d 272 (9th Cir. 1968); *Mulcahy v. United States,* 388 F.2d 300 (5th Cir. 1968). Plaintiffs may not file suit under § 7422 until they have filed a proper claim for refund after the formal assessment. This Court is presently without jurisdiction to hear their claims.

Plaintiffs have also filed a pleading styled "Motion for temporary restraining order to enjoin defendant Internal Revenue Service from pursuing case at bar issues and matters in dispute and matters at issue in said case other than through the channels and legal means and remedies of the U. S. District Court." This motion asks the Court to restrain the IRS from proceeding "with their lien and seizure methods" pending the outcome of this lawsuit.

 Plaintiffs' motion must be denied. Under 26 U.S.C. § 7421, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." The section is intended to ensure efficient and expeditious collection of taxes with a minimum of judicial interference and require that the legal right to disputed sums be determined in a refund action. *Professional Engineers, Inc. v. United States,* 527 F.2d 597 (4th Cir. 1975); *Thrower v. Miller,* 440 F.2d 1186 (9th Cir. 1971). Section 7421 is applicable to actions or pleadings seeking only preliminary injunctions or similar relief. *Sipkoff v. Whinston,* 354 F.Supp. 683 (E.D.Pa.1973). Where, as here, plaintiffs' application for a restraining order does not allege that the government has acted in bad faith, *Westgate-California Corp. v. United States,* 496 F.2d 839 (9th Cir. 1974), that there is no legal possibility that the government could ultimately prevail, *St. Louis*

*Park Medical Center v. Lethert,* 286 F.Supp. 271 (D.Minn.1968), and that special or extraordinary circumstances exist sufficient to warrant equitable relief, *id.,* a restraining order will not issue.

 In essence, plaintiffs' motion for restraining order reduces to a claim that they will suffer undue hardship if the collection process if allowed to continue. While the Court is fully cognizant of the difficulties that may be caused by the collection of taxes, hardship alone is insufficient to justify entry of injunctive relief against the collection of taxes. *Lucia v. United States,* 474 F.2d 565 (5th Cir. 1973); *Detweiler v. United States,* 406 F.Supp. 695 (E.D.Pa.1975). Accordingly, plaintiffs' motion for a restraining order must be denied.

For the reasons stated above, it is

ORDERED (1) that plaintiffs' motion for a restraining order must be and it is hereby denied. It is further

ORDERED (2) that this suit must be and it is hereby dismissed without prejudice for lack of jurisdiction. Costs will be taxed against plaintiffs.