Dan L. CARMICHAEL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16492.

United States Court of Appeals
Fifth Circuit.

June 19, 1957.

Samuel A. Miller, Atlanta, Ga., Nall, Sterne, Miller, Cadenhead & Dennis, Atlanta, Ga., of counsel, for appellant.

C. Guy Tadlock, Lee A. Jackson, Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., James W. Dorsey, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., Ellis N. Slack, Harry Baum, Kenneth E. Levin, Attys., Dept of Justice, Washington, D. C., for the United States.

Before RIVES and CAMERON, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM.

The Director of the Internal Revenue Service declared a deficiency in the amounts of the appellant's income tax returns for the years 1951 and 1952. Taxpayer had also assessed against himself a self-employment tax for the same years in accordance with 26 U.S.C.A. §§ 480–482. The Director denied that taxpayer was a self-employed person and declared an overassessment of such amounts. Taxpayer paid the deficiency declared and came into the District Court seeking: (1) a recovery of such deficiency, (2) that his status be determined, and (3) demanding a jury trial. The district court struck those parts of his complaint regarding his status as a self-employed person,[1] but, as to the remaining part, the jury found that the deficiency assessment was illegal. The Director did not appeal from the judgment entered on that verdict, but taxpayer appealed insisting that the jury should have been allowed to consider and determine his status as a self-employed person.

The statute setting out the declaratory judgment remedy, 28 U.S.C.A. § 2201, specifically excepts controversies with respect to federal taxes.[2] Therefore, it

---

1. The pertinent parts of the complaint are as follows:

"9. At all times Plaintiff has contended and now contends that he is not an employee of Carmichael Tile Company, Inc., and that the overassessment payment as determined by the United States of America is improper and illegal for the reason that Plaintiff is a self-employed person and his payment of tax as such is proper and should be accepted by Defendant on that basis.

\*　　\*　　\*　　\*　　\*

"11. \* \* \* Plaintiff also shows that he is a self-employed person under applicable laws of the United States and that the Defendant illegally and unlawfully seeks to reject his claim as such and compel him to accept refund of taxes as above described contrary to the laws of the United States of America.

"Wherefore, plaintiff prays judgment against Defendant in \* \* \* that he be declared to be a self-employed person subject to the payment of self-employment taxes under the laws of the United States."

2. See note 277 under 28 U.S.C.A. § 2201 collecting cases holding that a taxpayer may not bring a suit for a declaratory judgment respecting federal taxes.

appears that the district court did not have jurisdiction to determine taxpayer's status.[3]

Affirmed.

---

**3.** It is unnecessary to decide whether taxpayer might have had to exhaust his remedies in the Social Security Administration to determine his status as a self-employed person (see C.F.R. 404.801–404.813) before he came into the district court.