**Elgin WOODARD**

v.

**UNITED STATES of America.**

**Civ. A. No. 34372.**

United States District Court
E. D. Pennsylvania.

March 23, 1964.

**832**

---

Morris C. Solomon, Philadelphia, for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., Louis F. Oberdorfer, Asst. Atty. Gen., C. Moxley Featherston, David A. Wilson, Jr., Solomon Fisher, Dept. of Justice, Washington, D. C., for defendant.

HIGGINBOTHAM, District Judge.

Plaintiff, Elgin Woodard, filed a claim for tax refund with the District Director on October 21, 1963, alleging that the defendant, United States of America, had erroneously assessed and collected tax deficiencies for the years 1947 through 1950, inclusive. On the next day, October 22, 1963, plaintiff instituted this suit for tax refund asserting the same claim as he filed with the District Director. At the time of oral argument, the Commissioner had not ruled on plaintiff's claim.

Defendant has filed a Motion to Dismiss for lack of jurisdiction on the ground that § 3772(a) (1) and (2) of the Internal Revenue Code of 1939 [1] precludes a court from at this time entertaining the suit for tax refund. I agree.

The pertinent parts of the Internal Revenue Code state:

"[No suit shall be maintained until a claim for refund] * * * has been duly filed with the Commissioner, according to the provisions of law in that regard * * *." [2]

"No such suit or proceedings shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of two years * * * of a notice * * * of the disallowance." [3]

Since the Commissioner has not yet disallowed plaintiff's claim, and since six months have not elapsed from the date of filing, I am required by the express terms of the Code to dismiss this action.

Aside from the statutory mandate, the suit is premature because plaintiff has not exhausted his administrative remedies. The necessity for filing a claim with the District Director is not obviated by the possibility that the claim may be rejected. It is the disallowance or running of the six month waiting period which makes the suit necessary. See: United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025 (1930); Roberts v. United States, 4 A.F.T.R., 2d 6046 (S.D.Cal.1959).[4]

Suit dismissed without prejudice.

---

1. The limitations provisions of the 1939 Internal Revenue Code are applicable because the disputed tax liability arose prior to the 1954 Code. Int.Rev.Code of 1954, § 7851(a) (6), (b) (1), (d).

2. Int.Rev.Code of 1939, § 3772(a) (1).

3. Int.Rev.Code of 1939, § 3772(a) (2).

4. See generally 10 Mertens, Federal Income Taxation, § 58A.06 (Rev. ed. 1958).