SAFEGUARD MUTUAL INSURANCE COMPANY

v.

COMMONWEALTH OF PENNSYLVANIA and Herbert S. Denenberg Insurance Commissioner.

Civ. A. No. 70-1969.

United States District Court, E. D. Pennsylvania.

July 15, 1971.

Malcolm Waldron, Philadelphia, Pa., for plaintiff.

J. Shane Creamer, Atty. Gen., Charles D. Cowley, Asst. Atty. Gen., Frederic G. Antoun, Deputy Atty. Gen., for defendants.

## OPINION AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Presently before the Court is plaintiff's motion to have a three-judge court convened pursuant to 28 U.S.C.A. § 2281, and defendants'[1] motion to dismiss. A short recitation of a previous action between the plaintiff and the Insurance Department may be helpful. On April 12, 1967, the Insurance Department of Pennsylvania, acting pursuant to Section 502 of the Insurance Department Act of 1921, as amended, 40 Pa. Stat.Ann. § 202 (Supp.1970) issued an Order suspending Safeguard Mutual Insurance Company and applied to the Common Pleas Court of Dauphin County for the appointment of a statutory liquidator. In that suit Safeguard challenged the constitutionality of the provision under which they were suspended and, after a substantial delay, the Dauphin County Court, on the facts of the case, denied the Commissioner's petition for liquidation and granted Safeguard's motion to vacate the suspension order. Because of this factual finding the Dauphin County Court did not render an opinion on the constitutionality of the statute in issue. During the pendency of the state action Safeguard brought suit in the Federal Court which also attacked the constitutionality of 40 Pa. Stat.Ann. § 202. A three-judge court was convened and, after a hearing, it was ordered that all proceedings in the federal court be stayed pending the outcome in the state court proceeding. See Order of Court dated May 31, 1967 in Civil Action No. 42510. Several times during the pendency of the state court action Safeguard moved to dissolve the stay order. After the decision of the Dauphin County Court Safeguard, alleging continued misconduct on the part of the Insurance Department, moved a 5th and 6th time to dissolve the stay. In an order dated June 29, 1970, the panel, in denying the 6th motion stated, *inter alia*, "[t]he remedy for any illegal or malicious action by the Insurance Commissioner lies in a suit in the state courts or before a single district court judge." Shortly thereafter Safeguard filed the instant suit, as Civil Action No. 70–1969, in which they seek to have a three-judge court convened as well as, *inter alia*, have the Court declare all of the Statutory Regulations of Insurers in Pennsylvania[2] "unconstitutional and/or declare the State's application of said acts to the plaintiff in the instant matter an unconstitutional application thereof. * * *" Complaint p. 36.

A thorough reading of the complaint reveals that plaintiff is alleging a continuing series of actions on the part of the Insurance Department which precludes them from writing insurance in the state.[3] Safeguard complains, *inter alia*, (1) that the Insurance Department would not accept or approve their insurance forms or rates which had been approved for use by other insurance companies writing insurance in the Commonwealth; (2) that the Department began an examination of the company's records on March 18, 1971, while the original suspension order was still in effect and while they had only one full-time employee, and that since these records had already been extensively examined during the state court trial the examination was conducted "solely for the purpose of annoying, vexing and harassing the plaintiff * * *"; (3) that the Department, by directive dated

---

1. The action was originally brought against the Commonwealth and George F. Reed, Insurance Commissioner. Plaintiff has filed a suggestion to change name of the Insurance Commissioner to Herbert S. Denenberg, who succeeded George F. Reed. The Court will grant the motion.

2. The Insurance Department Act of 1921, as amended, The Insurance Company Law of 1921, as amended, The Fire Marine and Inland Marine Rate Regulatory Act of 1961, as amended, are generally referred to as the Statutory Regulations of Insurers.

3. The plaintiff also minutely detailed in the first half of their 36 page complaint the problems encountered by them in the Dauphin County Court and complain that the action in that Court was unconstitutional.

June 9, 1971, has prohibited the plaintiff from writing insurance in Pennsylvania and that this directive is merely an attempt to perpetuate the illegal suspension order; and (4) that the Department is intimidating agents and brokers who do business with Safeguard. The complaint concludes that "[a]ll of the conduct of the Insurance Commissioner hereinabove described in the complaint was initiated, planned and conducted pursuant to an unlawful and unconstitutional modus operandi, scheme, design, conspiracy or misalliance of the former Insurance Commissioner * * * for the purpose of taking the property, assets and goodwill of the plaintiff from it in violation of the 14th Amendment. * * *" Complaint ¶ 50. It appears clear to this Court that the thrust of plaintiff's complaint is that the Insurance Commissioner, through his authorized agents, is unlawfully and maliciously using various provisions of the Insurance Acts in an effort to circumvent the order of the Dauphin County Court that the suspension order be vacated.

The three-judge court is a unique feature in the federal judicial process and was initiated by Congress largely as means of protecting state legislation regarding economic enterprises from invalidation by a single district court judge. The three-judge court was designed to bring about a more expeditious and authoritative determination of the issue thereby reducing the friction which was created when a single federal judge enjoined the enforcement of a state statute. Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); Currie, The Three-Judge District Court in Constitutional Litigation, 32 U.Chi.L.Rev. 1 (1964). Since it is a unique feature which was designed to meet a specific type of problem the district judge should strictly interpret the prerequisites for the impaneling of a three-judge court. Mr. Justice Frankfurter, speaking for the Court in Phillips v. United States, 312 U.S. 246, 250–251, 61 S.Ct. 480, 483, 85 L.Ed. 800 (1941) stated: "[t]he history of § 266 [the predecessor of § 2281] (citations omitted), the narrowness of its original scope, the piece-meal explicit amendments which were made to it (citations omitted), the close construction given the section in obedience to Congressional policy (citations omitted), combine to reveal § 266 not as a measure of broad social policy to be construed with great liberality, but as an enactment technical in the strict sense of the term and to be applied as such."

Section 2281 of Title 28 provides in part:

"[a]n interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute * * * shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges * * *."

Under this section this Court is required to ask the Chief Judge of the Third Circuit to impanel a three-judge court if there is a substantial, non-frivolous attack on the constitutionality of a state statute and injunctive relief is sought. Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); Idewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Eason v. Dickson, 390 F.2d 585 (9th Cir. 1968); German v. South Carolina State Ports Authority, 295 F.2d 491 (4th Cir. 1961). However, a single judge must make the initial determination whether or not the prerequisites for convening a three-judge court have been met. Fiumara v. Texaco, Inc., 240 F.Supp. 325 (E.D.Pa.1965). Moreover, the law is clear that the statute itself must be substantially challenged in order to warrant or permit the impaneling of a three-judge court. A question even a constitutional one, which raises the propriety of state action is not suffi-

cient. Where the essence of the claim is that the statute is being applied unconstitutionally to a member of a class to whom, if properly administered, it could be constitutionally applied, a three-judge court is not required. Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L. Ed. 800 (1941); Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1940); Benoit v. Gardner, 351 F.2d 846 (1st Cir. 1965); Smith v. State Executive Committee of Democratic Party of Georgia, 288 F.Supp. 371 (N.D.Ga. 1968); Chester v. Kinnamon, 276 F. Supp. 717 (D.Md.1967); United States ex rel. Houghton v. Scranton, 257 F. Supp. 557 (E.D.Pa.1966). Since the thrust of plaintiff's complaint is that the Insurance Department is utilizing the various statutory provisions maliciously and unlawfully we do not feel that the statutes themselves are being substantially attacked and therefore we will deny plaintiff's motion to convent a three-judge court.

■  Safeguard also contends that 40 Pa.Stat.Ann. § 202, the statutory provision under which they were suspended in April of 1967, is unconstitutional in that it authorizes the Insurance Commissioner to suspend a company without notice or opportunity to be heard before an impartial tribunal. Plaintiff concludes that this section is unconstitutional on its face and constitutes an unconstitutional delegation of power to an agency. This is precisely the issue that plaintiff raised in the state court suit and in the original federal action, Civil Action No. 42510. A three-judge court was convened and stayed all federal proceedings pending the outcome in the state court. As noted above, the Dauphin County Court vacated the suspension notice without deciding the constitutional issue. While admittedly the constitutionality of section 202 has not yet been decided it appears to this Court that plaintiff had its day in court and, in fact, had its position vindicated when

the state court refused the Commissioner's request for a statutory liquidator The plaintiff company is not presently under a section 202 suspension, nor is there anything except plaintiff's bare conclusion [4] to support a finding that the Commissioner is about to utilize that section against plaintiff. It appears to the Court that the plaintiff wants to litigate an issue which has already been resolved, albeit on a factual finding rather than on a constitutional basis, in their favor. Therefore, the Court finds that there is no case or controversy and that plaintiff presently lacks standing to challenge the constitutionality of 40 Pa. Stat.Ann. § 202.

The Court has carefully considered defendants' motion to dismiss on the ground that the complaint fails to state a ground upon which relief can be granted, as well as the other bases enumerated, and finds them to be without merit. Therefore, in accord with the foregoing opinion, the Court makes the following rulings:

## ORDER

And now, to wit, this 15th day of July, A.D.1971, it is ordered that plaintiff's motion to substitute Herbert S. Denenberg for George F. Reed, be and the same is hereby granted.

It is further ordered that plaintiff's motion to have a three-judge court convened be and the same is hereby denied.

It is further ordered that defendants' motion to dismiss be and the same is hereby denied.

It is further ordered that the parties to this action appear before this Court on August 9, 1971 at 10:00 o'clock A.M. in Courtroom No. 11 in the United States District Court for the Eastern District of Pennsylvania, at which time evidence will be taken on plaintiff's cause of action before Chief Judge John W. Lord, Jr.

---

4.  Plaintiff asserts that the March 18 examination was undertaken in an effort to find additional facts which would support another suspension order.