**In the Matter of STATMASTER CORPORATION, Bankrupt.**

**Larry GILBERT, Trustee, In the Matter of Statmaster Corporation, Bankrupt, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 71–3258.**

United States Court of Appeals, Fifth Circuit.

Aug. 30, 1972.

———◆———

Robert Paul, James F. Gilbride, Lawrence R. Heller, John H. Gunn, Miami, Fla., for appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., Fred B. Ugast, Acting Asst. Atty. Gen., Scott P. Crampton, Asst. Atty. Gen., John R. Gauntt, Dennis M. Donohue, Attys., Tax Div., Dept. of Justice, Washington, D. C., Clemens Hagglund,

Asst. U. S. Atty., Chief, Civ. Div., Miami, Fla., Meyer Rothwacks, Crombie J. D. Garrett, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before TUTTLE, MORGAN and RONEY, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

This appeal presents an important question concerning the interplay between federal bankruptcy law and federal tax law. The court below, 332 F. Supp. 1248, held that a federal bankruptcy court lacks jurisdiction to enter an order discharging the trustee in bankruptcy from all potential federal income tax liability for the period of his administration of the bankrupt estate. We affirm.

## I.

On May 12, 1967, Statmaster Corporation filed a voluntary bankruptcy petition in the Southern District of Florida. Statmaster was duly adjudicated bankrupt with the appellant herein appointed as trustee. At no time did the trustee actively operate the business of the bankrupt, but only proceeded as authorized to liquidate all the assets of the bankrupt.

In the course of this liquidation, the trustee accrued substantial funds which, with leave of the bankruptcy court, were deposited at interest in a time deposit bank account. On completion of the liquidation, this account had earned interest in the amount of $5,500.57.

By November 5, 1970, all contested claims had been resolved and the trustee sought leave to make final distributions to creditors. On that date the trustee petitioned the bankruptcy court for an order directing the United States to show cause why the trustee should not be discharged from all federal income tax liability arising from his administration of the estate. Attached to the petition was an Internal Revenue Service corporate income tax return (Form 1120) completed for the Statmaster Corporation for the period from January 1,

1968, to October 23, 1970, and signed by the trustee. This return showed income from interest of $5,500.57, deductions in excess of that amount, and no tax due. At the time of the filing of this petition, no tax return for the Statmaster Corporation for the above period had been filed with the Internal Revenue Service, nor has such a return been subsequently filed. No corporate income taxes have been assessed against the bankrupt or trustee during these proceedings.

A hearing was held on the petition for an order to show cause on December 2, 1970. The United States opposed the petition on jurisdictional grounds. The referee entered an opinion on May 25, 1971, holding that he had jurisdiction in the matter and that a trustee who is merely liquidating and not operating the business of a bankrupt is not liable for federal income taxes on interest earned upon deposits of estate funds. On petition for review, the district court reversed, holding that the bankruptcy court lacked jurisdiction due to the statutory prohibition against declaratory judgments as to taxes. 28 U.S.C. § 2201. The bankrupt estate remains open pending the resolution of this appeal.

## II.

The threshold question for determination is whether the bankruptcy court has jurisdiction to enter an order excusing the trustee from possible income tax liability. As a general matter, it seems clear that a bankruptcy court has the power to adjudicate tax matters which come before it. 11 U.S.C. § 11(a) (2A); 26 U.S.C. § 6871(b). More specifically, however, this appeal raises the issue of whether or not the jurisdiction given the bankruptcy court in these tax cases supersedes the general prohibition against declaratory judgments in tax cases. 28 U.S.C. § 2201.

The Declaratory Judgment Act, 28 U. S.C. § 2201, provides:

In a case of actual controversy within its jurisdiction, *except with respect to*

*Federal taxes,* any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. (Emphasis added.)

At the outset, this section specifically bars a judicial determination of the tax results which may arise from a certain contemplated transaction. This prohibition comports with the statutory scheme which gives the Internal Revenue Service the right to determine possible tax liability in the first instance. The Internal Revenue Service will usually order an audit and make internal policy decisions before asserting any deficiency. If a deficiency is asserted, the taxpayer may obtain a redetermination by an appropriate judicial body. In the present case the taxpayer has circumvented this normal procedure. The Internal Revenue Service has been denied participation at the initial level. Rather, the trustee has sought a binding determination of non-liability from the bankruptcy court before ever contacting the taxing authorities. The first notice of any possible controversy was given the United States on November 5, 1970, when the petition was filed with a projected return attached. The hearing was held a mere twenty-seven days later. The Internal Revenue Service has never been given an official tax return and no audit has been possible.

■ The trustee in this case has thus sought a binding adjudication from the bankruptcy court that should he file a tax return identical to the one attached to the petition, the Commissioner would be barred from asserting a deficiency against him. This is clearly a request for a declaratory judgment with regard to a federal tax matter. This court and numerous other courts have repeatedly held that the prohibition in 28 U.S.C. §

2201 means exactly what it says: There is no federal court jurisdiction over a request for a declaratory action in a federal tax case. In re Wingreen Co., 5 Cir. 1969, 412 F.2d 1048; Carmichael v. United States, 5 Cir. 1957, 245 F.2d 676; Jolles Foundation v. Moysey, 2 Cir. 1957, 250 F.2d 166; In re Inland Gas Corp., 6 Cir. 1957, 241 F.2d 374. Appellant has sought to distinguish our most recent opinion, *In re Wingreen,* supra, primarily because the referee in that case ordered the Internal Revenue Service to issue a binding ruling within 45 days on the tax consequences of a proposed reorganization. The facts of the present case do not make it so dissimilar as to fall outside the general principle reaffirmed in the *Wingreen* case. Here the trustee is seeking to have the bankruptcy court adjudicate the merits of a tax return he has not yet even filed. This obviously presents a "premature" tax question which falls within the ban of 28 U.S.C. § 2201. Until the return is filed and passed on by the Commissioner, there can be no controversy with regard to which relief can be granted. Through the caveat to the Declaratory Judgment Act, Congress has clearly indicated that the initial decisions in such cases is for the Commissioner, not the federal courts.

■ The trustee, however, contends that even if the prohibition on declaratory judgments would otherwise apply, Congress has removed this ban by more express grants of jurisdiction in the Bankruptcy Act. This contention rests on a two-fold argument. First, appellant maintains that the power of the bankruptcy court to decide administration expenses necessarily includes the right to determine the amount of taxes owed on income accruing during the bankruptcy proceedings. 11 U.S.C. § 102(a). Secondly, the trustee asserts that the broad grant of jurisdiction over tax matters contained in 11 U.S.C. §§ 11(a) (2A) is sufficient to include cases where the Internal Revenue Service has not filed a claim.

It seems clear that trying to mask what is essentially a determination of tax liability as an administrative expense will not be sufficient alone to avoid the application of the declaratory judgment ban. Bankruptcy courts have generally regarded their power to determine the amount and legality of taxes as coextensive under either 11 U.S.C. § 102(a) or § 104(a), the statutory predecessor of 11 U.S.C. § 11(a) (2A). Thus, the real question in this case becomes: Has Congress evidenced an intent that the bankruptcy courts have jurisdiction to enter a binding determination on a question of federal taxation before the Internal Revenue Service has assessed a deficiency or presented a claim, and even before a tax return has in fact been filed with the Service so that it is aware of the possible controversy? We find it has not.

It has been asserted that "the validity and amount of taxes which accrue during a bankruptcy proceeding are also to be determined by the [bankruptcy] court". 9 Mertens, Law of Federal Income Taxation, § 54.03 fn. 10. However, in both cases relied on as authority for this statement, the Commissioner was actively before the bankruptcy court asserting a claim on the income arising after the proceedings began. In re Loehr, E.D. Wis.1950, 98 F.Supp. 402; In re Inland Waterways, Minn.1947, 71 F.Supp. 134.

The more difficult case is that in which no claim has been asserted in the bankruptcy proceedings. The controversy centers on the language of 11 U.S.C. § 11(a) (2A), giving the bankruptcy court jurisdiction to

Hear and determine, or cause to be heard and determined, any questions arising as to the amount or legality of any unpaid tax, whether or not previously assessed, which has not prior to bankruptcy been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction. . . .

A broad reading of this language would appear to give the bankruptcy court jurisdiction where no claim has yet been filed by the Internal Revenue Service. In re Curtis, W.D.Mich.1969–1 U.S.T.C. ¶ 9433. Such a construction, however, conflicts with the express statement of the Senate Finance Committee as to its understanding of the section:

Your committee also agrees with the amendment in the bills which, in effect, moves the provision relating to the statutory authority of bankruptcy courts to hear and determine tax disputes from the section of the Bankruptcy Act relating to the priority of unsecured tax claims to the provision of the act relating to the jurisdiction of bankruptcy courts. *This committee understands that this amendment makes no change in present law under which a bankruptcy court cannot adjudicate the merits of any claim, including a Federal tax claim, which has not been asserted in the bankruptcy proceeding by the filing of a proof of claim. (Emphasis added.)*

S.Rep.No.999, 89th Cong., 2d Sess., p. 11, 1966 U.S.Code Cong. & Admin. News, p. 2452.

We do not find it necessary to resolve this issue in the disposition of the present case.

This is not a situation in which a trustee has been put in a difficult position due to the delay of the Internal Revenue Service in passing on his return. Here, as previously pointed out, the trustee wants a mere declaratory judgment as to the tax effects of a proposed action. We are not convinced that Congress intended through the Bankruptcy Act to give the bankruptcy court this jurisdiction which has been barred across the board to federal courts. It has always been the clear intention of Congress to prevent the Internal Revenue Service from being forced to litigate tax consequences of returns which have never been filed. We hereby affirm the determination of the district court that the referee in this case lacks jurisdiction

to determine the tax consequences of the proposed corporate income tax return. Having based our decision on this preliminary point, we do not reach the question of governmental immunity or the substantive question of a trustee's liability for tax on income arising during the period of liquidation of the bankrupt estate.

Affirmed.