**Charles K. CHAPMAN and Margaret O. Chapman, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 72–3112.**

United States Court of Appeals, Ninth Circuit.

Oct. 5, 1973.

Ann Belanger, Atty. (argued), Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C.; William D. Keller, U. S. Atty., Charles N. Magnuson, Mason C. Lewis, Asst. U. S. Attys., Los Angeles, Cal., Meyer T. Rothwacks, Grant Wiprud, Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellant.

Charles K. Chapman (argued), Long Beach, Cal., for plaintiffs-appellees.

Before MERRILL and DUNIWAY, Circuit Judges, and BOLDT,* District Judge.

MERRILL, Circuit Judge:

In the course of litigation having to do with appellees' income tax liability

---

* Honorable George H. Boldt, Senior United States District Judge for the Western District of Washington, sitting by designation.

for the years 1962–1964, the District Court, 347 F.Supp. 89, entered an order that had the effect of adjudicating in taxpayers' favor questions of tax liability for the years 1969 and 1971. The issue presented here is whether the court erred in so doing or acted without jurisdiction.

This is the third appeal connected with taxpayers' tax liability for the years in question. In 1970, upon the disputed issue whether certain sums paid to taxpayers by a savings and loan association were compensation for services rendered or a loan, the District Court ruled in favor of taxpayers and decreed a refund of taxes paid. On appeal, the District Court was affirmed by this court in an unreported decision.

In 1971, pursuant to this court's decision, the Government refunded to taxpayers the major portion of the judgment awarded but withheld around $14,000 and, in the District Court, sought relief from judgment under Rule 60(b), Federal Rules of Civil Procedure, in order to establish its right, under certain sections of the Internal Revenue Code, to reduce (by the amount withheld) the interest portion of the judgment.

The District Court denied the Government's motion and on appeal this court affirmed, in an unreported decision, finding no abuse of discretion. The withheld balance of refund was then paid to taxpayers by the Government.

Before the District Court, in opposition to the Government's motion for relief from judgment, taxpayers had contended that the Government had inflicted losses on them through their being required to pay unowed taxes and sue to get them back. The District Court, in denying the Government's motion for relief, had entered findings of fact supporting the taxpayers in their contentions respecting the "loss" suffered by them. Following decision in their favor by this court on appeal, the taxpayers sought to establish as a tax deduction the "loss" they had suffered at the

hands of the Government. They filed amendments to their 1969 and 1971 returns claiming the loss as a deduction. Instead of cashing the Government checks, they deposited them with the clerk of the court, asking that they be applied upon taxes due under the 1969 and 1971 amended returns, and that the District Court decree such application to be in total satisfaction of taxpayers' tax liability for 1969 and 1971.

Over objection of the Government that the District Court was without jurisdiction, the court ruled that taxes for 1969 and 1971 were "inextricably combined with the adjudications of 1962, 1963, 1964, 1965 and 1967 taxes." It ordered the clerk to pay to the Government, out of the amount deposited by the taxpayers, the amount of taxes reported by the taxpayers as due under their 1969 and 1971 returns and to enter "complete satisfaction * * * for all claims and demands of the United States against plaintiffs for income taxes, interest and penalties" for the years 1962 through 1965, 1967, 1969 and 1971.

This appeal was then taken. We reverse.

■ The jurisdiction of the District Court, under 28 U.S.C. § 1346(a)(1), to act with respect to tax liability is limited to entertaining actions for the recovery of taxes wrongfully assessed and collected. Under 26 U.S.C. § 7422 such action cannot be maintained "until a claim for refund or credit has been duly filed with the Secretary."

In re Statmaster Corp., 465 F.2d 978 (5th Cir. 1972), is closely in point. There a trustee in bankruptcy sought an adjudication to the effect that should he file a tax return in a particular form the Commissioner would be precluded from assessing a deficiency. It was held that this amounted to a request for declaratory judgment with respect to a tax matter, expressly barred by 28 U.S. C. § 2201. The court stated (465 F.2d at 980):

"This prohibition comports with the statutory scheme which gives the In-

ternal Revenue Service the right to determine possible tax liability in the first instance. * * * In the present case the taxpayer has circumvented this normal procedure. The Internal Revenue Service has been denied participation at the initial level. * * *

* * * * * *

* * * Until the return is filed and passed on by the Commissioner, there can be no controversy with regard to which relief can be granted. Through the caveat to the Declaratory Judgment Act, Congress has clearly indicated that the initial decisions in such cases is for the Commissioner, not the federal courts."

■ The District Court appears to have proceeded upon the theory that principles of res judicata serve to establish that the "loss" suffered by taxpayers was a proper deduction from income and that no purpose would be served by insisting that the question of deductibility be first passed upon by the Commissioner. Even accepting (arguendo and dubitante) that in a proper case such a theory could justify departure from the principles on which *Statmaster* rests, we have doubts that it should apply here.

So far as we can ascertain the only adjudication respecting the taxpayers' "loss" which the courts can be said to have made was that it was a proper exercise of discretion to take into consideration the extent of the burden already borne by the taxpayers in deciding whether the Government's tardily advanced motion for relief from judgment should be granted. Certainly no judicial determination could properly be said to have established that any loss suffered by taxpayers was tax deductible.

Reversed and remanded with instructions that the order appealed from be vacated.

DUNIWAY, Circuit Judge (concurring):

I concur in Judge Merrill's opinion but add an observation about jurisdiction with which both of my brothers concur.

The District Court also took the position that, by affirming its 1971 ruling, this court has held that the District Court had jurisdiction to rule upon plaintiffs' 1969 and 1971 tax liability. However, as Judge Merrill's opinion points out, the District Court, in its 1971 ruling, did not pass upon the plaintiffs' 1969 and 1971 tax liability. Thus the District Court's jurisdiction to do so was not before us when we affirmed on March 15, 1972, and we did not consider it.