**Robert G. MUNCASTER, Plaintiff,**

v.

**Dwight T. BAPTIST, District Director of Internal Revenue, et al., Defendants.**

**No. CA73–H–610–S.**

United States District Court,
N. D. Alabama, S. D.

Dec. 18, 1973.

Robert G. Muncaster, pro se.

Wayman Sherrer, U.S. Atty., Charles D. Stewart, Asst. U.S. Atty., Birmingham, Ala., James H. Jeffries, III, U.S. Dept. of Justice, Washington, D. C., for defendants.

OPINION AND ORDER

HANCOCK, District Judge.

This action by a private citizen against certain governmental employees of the executive and legislative branches of government to enjoin the assessment and collection of the federal income tax was filed June 25, 1973. At the request of the defendants, the time within which to answer or otherwise plead was extended to September 28, 1973. On that date, the defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted, stating their basis for such motion to be (a) sovereign immunity, (b) 26 U.S.C. § 7421 and (c) 28 U.S.C. § 2201.

On October 4, 1973, plaintiff filed a motion for leave to amend his complaint in order, among other things, to challenge the constitutionality of 26 U.S.C. § 7421, 28 U.S.C. § 2201, and 26 U.S.C. §§ 7201 and 7203, requesting that a three-judge court be convened pursuant to 28 U.S.C. § 2282.

The motion for leave to amend the complaint (with the prayer for the empaneling of a three-judge court) and the motion to dismiss came on for hearing on November 2, 1973, at which time the Court received oral argument from the plaintiff, *pro se*, and from counsel for the defendants. During the hearing the Court allowed the amendment to the complaint, as contained in the motion to amend filed October 4, 1973, and allowed the motion to dismiss to be refiled in open court to the complaint, as amended. Following argument, the Court took under consideration the prayer for a three-judge court and the motion to dismiss the complaint, as amended. The parties were given until November 15, 1973, within which to file any additional briefs. On November 12, 1973, plaintiff requested and was granted an extension of time, until December 14, 1973, within which to file briefs.

On December 7, 1973, the undersigned received a letter from plaintiff containing four separate motions which were delivered to the Clerk of the Court on December 11, 1973, for filing. Three of these motions, each entitled "Motion for Discovery," though addressed to the Court, are simply requests that the defendants produce copies of certain tax returns, documents, affidavits and the like. The Court treats these three "motions" as requests upon the defendants served under Rule 34 of the Federal Rules of Civil Procedure, and accordingly, no action of the Court is necessary with regard thereto. The fourth motion, a "Motion for a Limited Declaratory Judgment" requesting the Court to advise the plaintiff the meaning of certain words and phrases used in the United States Code, having been considered by the Court, is hereby denied. Likewise, the Motion for Limited Summary Judgment filed by plaintiff on December 14, 1973, having been considered by the Court, is hereby denied.

The two matters left unresolved from the November 2, 1973, hearing will now be considered.

The Supreme Court has recognized that the three-judge court statutes place "a serious drain upon the federal judicial system particularly in regions where, despite modern facilities, distance still plays an important part in the effective administration of justice," that these statutes are intended to further the public interest in a "limited class of cases of special importance," and that these statutes are thus to be strictly construed. Phillips v. United States, 312 U.S. 246, 249–250, 61 S.Ct. 480, 483, 85 L.Ed. 800 (1941); see also Ex parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L. Ed. 990 (1926); Jones v. Branigin, 433 F.2d 576 (6 Cir. 1970), cert. denied, sub nom. Jones v. Sullivan, 401 U.S. 977, 91 S.Ct. 1205, 28 L.Ed.2d 327 (1971); Tac Amusement Co. v. Mitchell, 330 F.Supp. 27 (E.D.La.1971) (three-judge court); Safeguard Mutual Ins. Co. v. Pennsylvania, 329 F.Supp. 315 (E.D.Pa.1971). Thus, three-judge courts are not to be convened unless a substantial constitutional question is raised concerning the interpretation of a state or federal statute, and it is for the single judge to whom the application for a three-judge court is directed to make the initial determination as to whether a substantial constitutional question has been presented by the plaintiff. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); see also Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); Utica Mutual Ins. Co. v. Vincent, 375 F.2d 129 (2 Cir. 1967); Pervis v. La Marque Independent School Dist., 466 F.2d 1054 (5 Cir. 1972).

In Ex parte Poresky, *supra* 290 U.S. at 32, 54 S.Ct. at 4, the court, after stating that a three-judge court is not required when the alleged constitutional claim is insubstantial, spoke as follows in discussing the role of the single district judge when presented with a request to convene a three-judge court:

"The existence of a substantial question of constitutionality must be determined by the allegations of the

bill of complaint . . . The question may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.'"

And in California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323 (1938), the court spoke upon this same issue, stating:

> "The lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject."

Thus, in cases in which a three-judge court is requested, "a substantial claim of unconstitutionality" must be presented; and the three-judge court statute, 28 U.S.C. § 2282, "does not require three judges to pass upon this initial question of jurisdiction." Ex parte Poresky, 290 U.S. 30, 31, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933).

■ The instant case presents a constitutional claim the unsoundness of which "clearly results from the previous decisions of this court." California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323 (1938). In Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 595, 597–598, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931), recently endorsed in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), Mr. Justice Brandeis in construing the provisions of an earlier compilation of the Internal Revenue Code, stated the principles that govern the instant case as follows:

> "The right of the United States to collect its internal revenue by summary administrative proceedings has long been settled. Where, as here, adequate opportunity is afforded for a later judicial determination of the legal rights, summary proceedings to secure prompt performance of pecuniary obligations to the government have been consistently sustained. . . . Property rights must yield provisionally to governmental need.

> .      .      .      .      .      .

> "The procedure provided in [the Internal Revenue Code] satisfies the requirements of due process because two alternative methods of eventual judicial review are available to the [taxpayer]. He may contest his liability by bringing an action, either against the United States or the collector, to recover the amount paid. This remedy is available where the [taxpayer] voluntarily pays the tax and is thereafter denied administrative relief. . . . Or the transferee may avail himself of the provisions for immediate redetermination of the liability by the Board of Tax Appeals [now the Tax Court] . . .."

This decision makes it clear that the plaintiff here has presented no substantial constitutional claim. The bar of 26 U.S.C. § 7421(a), subject to the limited exceptions set forth in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), has been held constitutional, since the taxpayer is permitted to seek relief from an erroneous tax assessment under either 26 U.S.C. § 7422 or 26 U.S.C. § 7441 et seq. See Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932).

■ Furthermore it is well-settled that a federal district court has no jurisdiction to enter a declaratory judgment regarding federal tax liability. United States v. Teitelbaum, 342 F.2d 672 (7 Cir.), cert. denied, 382 U.S. 831, 86 S.Ct. 71, 15 L.Ed.2d 75 (1965); Carmichael v. United States, 245 F.2d 676 (5 Cir. 1957); Noland v. Westover, 172

F.2d 614 (9 Cir.) cert. denied, 337 U.S. 938, 69 S.Ct. 1515, 93 L.Ed. 1744 (1949); St. Louis Park Medical Center v. Lethert, 286 F.Supp. 271 (D.Minn. 1968); Kaufman v. Scanlon, 245 F. Supp. 352 (S.D.N.Y.1965).

■■ The defendants have moved to dismiss the plaintiff's complaint, as amended, asserting that the plaintiff has set forth no jurisdictional grounds in his complaint. The defendants rely chiefly on the prohibitions imposed by 26 U.S.C. § 7421(a), 28 U.S.C. § 2201 and the doctrine of sovereign immunity. This Court is cognizant of the fact that the granting of motions to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure is not favored. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L. Ed.2d 80 (1957); Mizell v. North Broward Hospital District, 392 F.2d 580 (5 Cir. 1968); Bobby Jones Garden Apts., Inc. v. Suleski, 391 F.2d 172 (5 Cir. 1968); Robertson v. Johnston, 376 F.2d 43 (5 Cir. 1967). However, in this case as demonstrated above, plaintiff has neither shown a jurisdictional basis for his complaint nor presented a claim upon which relief can be granted. See U. S. Const., Amend. XVI; 28 U.S.C. § 2201; 26 U.S.C. § 7421(a); Enochs v. Williams Packing & Navigation Co., *supra* 370 U.S. at 5, 7, 82 S.Ct. 1125, and other cases cited above. It is therefore the opinion of the Court that the defendants' motion to dismiss is due to be granted since "it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." Ballou v. General Electric Co., 393 F.2d 398 (1 Cir. 1968), cert. denied, 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971); Robertson v. Johnston, *supra.*

Therefore it is ordered, adjudged and decreed that defendants' motion to dismiss be, and the same hereby is, granted and that this cause is dismissed. Plaintiff's requests for injunctive relief, declaratory relief and the convening of a three-judge court are denied.