Stephen B.D. **CHING**

v.

The **UNITED STATES.**

No. **611–83T.**

United States Claims Court.

June 8, 1984.

---

Stephen B.D. Ching, Honolulu, Hawaii, pro se.

Neil V. Birkhoff, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## OPINION

SETO, Judge:

In the above-captioned tax case, plaintiff Stephen B.D. Ching filed a complaint on October 7, 1983, asserting that the Internal Revenue Service (IRS) was "arbitrarily and forcefully collecting preparer's penalties, based on erroneous accusations ...." The complaint demanded the return of $794.36 paid by plaintiff for assessed penalties (and interest thereon), and an order directing the IRS to cease its "harrassment" of plaintiff.

Defendant, in lieu of an answer, filed a motion to dismiss the complaint, asserting therein that this court lacked subject matter jurisdiction of plaintiff's claim because of plaintiff's failure to file a claim for a refund of the disputed amount. Plaintiff subsequently filed a claim for refund, whereupon defendant renewed its motion, averring that the suit was untimely. For the reasons set forth herein, this court holds that plaintiff's suit is indeed untimely, and the complaint will be dismissed.

## FACTS [1]

Plaintiff is an income tax return preparer in Honolulu, Hawaii, doing business as Systems and Stat Services, Inc. Although the complaint itself is somewhat vague, it is clear from the attachments to the complaint that on November 2, 1981, the IRS mailed to plaintiff a "Statement of Taxes Due IRS" which stated that a $100.00 penalty assessment was being made against plaintiff for the tax period ending in December 1979. The assessment was appar-

ently made because of the IRS' belief that certain tax returns, prepared for others by plaintiff in the course of his business, were prepared incorrectly. Another attachment to the complaint was a letter from the IRS to plaintiff, dated April 28, 1983, demanding a payment of $591.00 in penalties and interest for the tax period ending in December 1978. This latter assessment was apparently made for the same reasons that the former assessment was made.

Plaintiff contends in the complaint that at least some of the returns which formed the basis of the assessments were not prepared by him. He also asserts that, as to at least one tax return which *was* prepared by him, the return was improper only because the taxpayer for whom the return was prepared supplied incorrect information.[2] The complaint further states that plaintiff paid the IRS $150.00 on September 8, 1980, and $594.36 on December 28, 1982.[3] Plaintiff avers that he was denied the due process guaranteed by the Fifth Amendment to the Constitution in that no administrative appeal was allowed before the assessments were made, demands the return of the amounts paid over to the IRS in satisfaction of the assessments, and seeks an order for "relief from further harassment."

Defendant originally moved for dismissal of plaintiff's complaint on the ground that no claim for refund of the amounts in question had been made. In response to that motion, plaintiff filed a "Request of Stay of Motion to Dismiss," asserting therein that he had cured the defect noted in defendant's motion by filing a claim for refund on March 8, 1984. Defendant renewed its motion to dismiss, basing the motion on the grounds that: (a) as to the payment of $150.00 on September 8, 1980, the March 8,

---

1. The facts as set forth herein have been gleaned from the complaint and from the briefing on defendant's motion. These facts are taken as true only for the limited purpose of ruling on defendant's motion.

2. A third attachment to the complaint is an unauthenticated letter from the taxpayer in question to the IRS which admits that the infor-

mation submitted to the tax preparer (unnamed in the letter) was in error.

3. The complaint demands a return of $764.36. Since the total amount paid over by plaintiff is $744.36, it is assumed that plaintiff's slightly inflated demand is due to an error in addition.

1984, claim for refund was untimely as having been filed after the running of the statutory time limit; and (b) as to the payment of $594.36 payment on December 28, 1982, suit was untimely as having been instituted *before* the expiration of the time set aside by statute for consideration of the claim by the IRS. Plaintiff thereafter filed a "Memorandum" in support of his motion for a stay, in which he has apparently abandoned his claim for a refund of the $150.00 payment. Plaintiff also asserts that there is no need for a decision by the IRS on his other claim, because, according to plaintiff, a decision has already been rendered by the IRS on that claim as evidenced by a settlement offer received from the IRS on January 24, 1984. Plaintiff therefore requests a stay "to allow for both parties to work out a stipulation for a partial summary judgment."

### DISCUSSION

Although the filings of both parties appear to indicate that the only matter remaining in controversy is plaintiff's claim for a refund of the $594.36 payment, neither party has formally or clearly stated that this is indeed the case. The court will therefore address each of the contentions in the complaint so as to achieve complete disposition of the case at bar.

■ Plaintiff asserts that he was denied due process of law in that he "was denied any appeal procedures *before* the sums were forcefully extracted from him ...." It is not ascertainable from the complaint whether plaintiff attempted any appeal procedures nor is it clear to what type of appeal procedure plaintiff refers. It is beyond peradventure, however, that, except for certain circumstances, no *judicial* avenues exist for restraining the assessment of taxes. Section 7421(a) of the Internal

4. The exceptions contained in the statute are not relevant here because: (a) they refer to Tax Court proceedings, §§ 6212, 6213; (b) they apply to persons other than the taxpayer, §§ 7426, 7429; or (c) the applicable time limit for filing has expired, §§ 6672, 6694.

Revenue Code, 26 U.S.C. (IRC), states, in pertinent part:

> [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.[4]

*See Lewis v. United States*, 208 Ct.Cl. 969 (1975). The constitutionality of this statute has been challenged and upheld[5], and plaintiff's remedy is a claim for refund of the amount assessed. There can be no violation of due process where no process is due.

■ Plaintiff's claim for a refund of the $150.00 paid over in 1980 is barred as having been filed too late. Section 7422(a) of the IRC establishes a condition precedent to filing a suit for a refund:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority ... until a claim for refund or credit has been duly filed ....

The period of time allowed for the filing of a claim for refund is set forth in IRC § 6511(a):

> Claim for credit or refund ... shall be filed by the taxpayer within ... 2 years from the time the tax was paid ....

Plaintiff has stated that the payment of $150.00 took place on September 8, 1980. Pursuant to the terms of § 6511(a), a claim for a refund of that amount should have been filed in September 1982. Plaintiff did not file his claim for a refund until March 8, 1984, which date is clearly outside the limitation set by the statute. The court is therefore without jurisdiction over that portion of plaintiff's claim.

5. *See United States v. American Friends Service Committee*, 419 U.S. 7, 95 S.Ct. 13, 42 L.Ed.2d 7 (1974); *Professional Engineers, Inc. v. United States*, 527 F.2d 597 (4th Cir.1975); and *Muncaster v. Baptist Church*, 367 F.Supp. 1120, *aff'd*, 509 F.2d 1279, *reh'g denied*, 509 F.2d 576, *cert. denied*, 423 U.S. 849, 96 S.Ct. 91, 46 L.Ed.2d 72 (1975).

■ Plaintiff's claim for a refund of the $594.36 paid on December 28, 1982, is also untimely, but in a diametrically opposite sense. As to this latter claim, plaintiff's suit is too early. Although the claim is timely with regard to the two-year limitation imposed by § 6511(a), plaintiff's action in this court is barred IRC § 6532(a)(1):

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary or his delegate renders a decision thereon within that time ....

According to this statute, therefore, plaintiff is barred from bringing suit until September 8, 1984, or such earlier time as the Secretary may render a decision on his claim. The Court of Claims espoused a fairly strict view of the statute:

> Section 6532(a) bars suits filed before the passing of the 6-month period—even where at the time the case comes on for hearing 6 months have passed since the date a refund claim was filed. *See, e.g., Harkins v. United States*, 18 Am. Fed.Tax R.2d 5555 (E.D.Okla.1966), *aff'd on other grounds*, 375 F.2d 239 (10th Cir.1967).
>
> \*    \*    \*    \*    \*    \*
>
> Where a case is filed before the time allowed by section 6532(a), such claims as are barred thereunder should be dismissed without prejudice to the bringing of a new, timely action. *Woodward v. United States*, 232 F.Supp. 831 (E.D.Pa. 1964). [*Lewis v. United States*, 208 Ct.Cl. 969, 972 (1975).]

In this regard, however, plaintiff rejoins that the Secretary has already rendered a decision on plaintiff's claim. Plaintiff cites as evidence thereof a settlement offer made by defendant on January 24, 1984. Even assuming, *arguendo*, that the settlement offer made in January still stands in view of plaintiff's subsequent actions, it is the view of this court that the offer is not a decision of the Secretary as contemplated by § 6532(a). The settlement offer was forwarded by the Tax Division of the Department of Justice, and was conditioned on plaintiff's "furnish[ing] proof that Systems & Stat Services, Inc., filed a timely claim for refund of the $746 [sic; $744.36] paid as indicated in Exhibit C to the complaint ...." Plaintiff has clearly not met this condition. Plaintiff did not file "a timely claim for refund" until *after* his receipt of the settlement offer. Moreover, a part of that claim for refund (that portion relating to the $150.00 paid over in September 1980) is clearly barred by the applicable statute of limitations. Plaintiff asserts that the settlement offer nonetheless represents a decision on the merits of plaintiff's claim. We cannot agree. Settlement offers by a defendant do not always constitute a concession of liability and, absent a clear expression of such a concession, the court will not assume one. A somewhat similar argument was made in the recently-decided case of *VDO–ARGO Instruments, Inc. v. United States*, 738 F.2d 453 (Fed. Cir.1984). In that case, plaintiff ("VDO") argued that its submissions to the IRS were sufficient to constitute a full and valid informal claim such that a later-filed formal claim (which was statutorily untimely) "related back" to the timely informal claim. The Federal Circuit stated that "[w]e agree that an informal claim for refund may be found where all the 'facts and circumstances demonstrate the Commissioner was on notice that a right was being asserted with respect to an overpayment of tax,' *Furst v. United States* [230 Ct.Cl. 375,] 678 F.2d 147, 152 (1982)," but held that VDO had not made a valid informal claim. *Id.*, at 3. The court's reasons for finding that the informal claim was *not* valid included the fact that VDO had not responded to the IRS' request for certain amended returns. VDO contended that the request itself showed that the IRS knew what the asserted claims were. The court, however, speculated that the purpose of the request may have been to allow a check for accuracy, or for verification of the years for which VDO was claiming an overpayment. The court said: "We cannot ... ignore this additional fact when we are

bound in an informal claim case to consider all the facts and circumstances." *Id.* at 3, 4.

Similarly, in the case at bar, we cannot ignore the possibility that defendant's settlement offer, conditioned as it was on plaintiff's submission of an *already-filed* refund claim, was made in contemplation of defendant's being able to verify plaintiff's claims. Defendant's settlement offer was conditioned on a *pro forma* showing that plaintiff had already satisfied the statutory requirement of filing a claim for refund. Plaintiff's subsequent filing of the actual claim for refund is by no means merely *pro forma;* rather, it has a profound effect on his claims. Part of plaintiff's claim ($150.00) is barred because, under IRC § 6511(a), the statutory time limit for such a claim has *already* expired, while the remainder of plaintiff's claim is barred because, under IRC § 6532(a)(1), the applicable time limit has *not yet* expired. It cannot be surmised that defendant could have foreseen plaintiff's action and the effect thereof.

Plaintiff, while apparently conceding his right to a refund of his $150.00 payment, would have the court nonetheless give effect to defendant's settlement offer as to the remainder of plaintiff's claim. Plaintiff's suggestion, although appealing in its simple logic, does not withstand careful scrutiny. Defendant's offer contained a condition which plaintiff did not, and could not, satisfy at the time the offer was made. To enforce any part of the offer under these circumstances would be unjust. Therefore, defendant's January 24, 1984, offer is to be given no effect; rather, this court will, as is its duty, give effect to the pertinent facts and the relevant law.

## CONCLUSION

Because of the time limits imposed on the bringing of a suit for a refund by IRC § 6511(a), this court has no jurisdiction of plaintiff's claim for a refund of the $150.00 paid by him to the IRS on September 8, 1980. Therefore, that portion of plaintiff's complaint which is predicated on that pay-

ment is to be DISMISSED WITH PREJUDICE. A suit for the remainder of plaintiff's claim for refund is prospectively barred for the period set forth in IRC § 6532(a)(1). The court is therefore also without jurisdiction as to that amount, and that portion of plaintiff's complaint relating thereto is to be DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.