### Winfred F. NICHOLSON

v.

### Grace E. JAECKSCH, et al.

### Civ. No. Y-87-766.

United States District Court, D. Maryland.

Oct. 30, 1987.

Winfred F. Nicholson, pro se.

Breckinridge L. Willcox, U.S. Atty. for the State of Md., and Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., Karen L. Elias, Washington, D.C., of counsel, for defendants.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Plaintiff Winfred Nicholson, *pro se*, has sued Internal Revenue Service officials, defendants Grace Jaecksch and Teddy Kern, in a self-styled "Challenge Rights to Property" claiming that the seizure of his 1979 Corvette for failure to pay a federal tax liability violated his constitutional right to due process. The basis of plaintiff's claim is that he is not a "person liable" under the tax laws: *i.e.*, that he owes no taxes. The Court finds that the procedures available to the Internal Revenue Service ("IRS"), summary as they are, nevertheless constitute all the process that is due. Because the essence of plaintiff's argument is so clearly contrary to established precedent, the Court will discuss these issues first. Nevertheless, because plaintiff has alleged "extortion, fraud, illegality and conspiracy," Opposition at 4, the Court will not resolve these substantive issues on the pending motion to dismiss. Theoretically, at least, there are issues in dispute. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Although addressed more briefly, the jurisdictional defenses raised by defendants are dispositive of the motion to dismiss.

26 U.S.C. § 6331 authorizes the government to seize property of any person believed to owe taxes. There must be advance notice of the seizure in most cases, but there need not be a prior hearing. The statute provides in relevant part as follows:

> (a) Authority of Secretary.—If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax ... by levy upon all property and rights to property ... belonging to such person....

> (b) Seizure and Sale of Property.—The term "levy" as used in this title includes the power of distraint and seizure by any means.... In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property....

The IRS has the option of seizing property to satisfy its determination of tax liability under §§ 6331–6344, called an "administrative levy," or proceeding by enforcement of a tax lien in a suit in federal court under §§ 7401–7403, called "judicial foreclosure." *See United States v. National Bank of Commerce*, 472 U.S. 713, 720, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985); 4 B. Bittker, Federal Taxation of Income, Estates and Gifts ¶ 111.5.5, p. 111–111 (1981); 13 Mertens, The Law of Federal Income Taxation § 54A.51 (August, 1987). The statutory language broadly subjecting "all property" to summary administrative seizure has been justified as serving "the need of the government promptly to secure its revenues." *Phillips v. Commissioner of Internal Revenue*, 283 U.S. 589, 596, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931); *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350, 97 S.Ct. 619, 627, 50 L.Ed.2d 530 (1977) ("the existence of the levy power is an essential part of our self-assessment tax system [enhancing] voluntary compliance in the collection of taxes").

Before the IRS may sue to enforce a lien or summarily seize property, it must make an assessment of the tax liability, make a demand for payment pursuant to § 6321, and there must be neglect or refusal to pay the tax liability by the person whom the IRS has determined to owe the taxes due. *See* Mertens, *supra*, § 54A.03. The procedures governing these steps are detailed in regulations not in dispute here. *Id.*, § 54A.47. The essential allegations of plaintiff's complaint are that the IRS did not give him notice of the tax liability assessment and that he did not owe the taxes. Plaintiff's claim that he never received the required notice is clearly refuted by affidavit of counsel and the copy of the tax assessment notice and certified mail envelope addressed to plaintiff's present mailing address. Because this case may be dismissed on other grounds, however, the Court will exclude these materials from consideration and will not treat defendants' motion as one for summary judgment on this issue. *See* Fed.R.Civ.P. 12(b). The Court notes, however, that the merits of plaintiff's claim have little likelihood of

success on the merits, because the constitutionality of the IRS administrative levy process "has long been settled." *United States v. National Bank of Commerce, supra,* 472 U.S. at 721, 105 S.Ct. at 2925, *quoting Phillips v. Commissioner, supra,* 283 U.S. at 595, 51 S.Ct. at 611; *Burroughs v. Wallingford,* 780 F.2d 502, 503 (5th Cir.1986). Indeed, plaintiff's suit is wholly at odds with the administrative levy and tax litigation process which is designed to allow postponement of resolution of substantive issues of tax liability until after the IRS has possession of plaintiff's property. The seizure of plaintiff's Corvette, authorized by § 6331, is only a "provisional remedy" for the IRS, does not require any judicial intervention, and does not resolve the validity of the tax liability assessment. *National Bank of Commerce, supra,* at 721, 105 S.Ct. at 2925. Thus, rather than attacking the assessment in this collateral action in federal court, plaintiff, as a non-taxpayer, should have petitioned for review and refund under §§ 6213 and 7422. *See, e.g., Myers v. United States,* 647 F.2d 591, 604 (5th Cir.1981).

■ Jurisdictional issues are dispositive of plaintiff's suit against the defendant IRS officials. The Supreme Court has held that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Plaintiff has not demonstrated that there is any doubt as to the constitutionality of the IRS administrative levy procedure; indeed, as noted above, they are clearly *not* violative of due process. Thus, plaintiff's demand for punitive damages is barred. More importantly, because the suit seeks return of the specific monetary value of plaintiff's vehicle from defendant officials in their official capacities, any judgment rendered against defendants would in reality be borne by the federal government which has sovereign immunity. *Larson v. Domestic and Foreign Commerce Corp.,* 337 U.S. 682, 688, 69 S.Ct.

1457, 1460–61, 93 L.Ed. 1628 (1949); *Land v. Dollar,* 330 U.S. 731, 738, 67 S.Ct. 1009, 1012–13, 91 L.Ed. 1209 (1947); *compare Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985) ("official capacity actions for prospective relief are not treated as actions against the State"). Plaintiff has not indicated that the federal government has consented to suit in any way. Indeed, 26 U.S.C. § 7421 specifically prohibits such suits to interfere in the IRS tax collection procedures described above, and this is not a violation of plaintiff's constitutional rights. *Professional Engineers, Inc. v. United States,* 527 F.2d 597, 599 (4th Cir.1975) (ordering dismissal of suit challenging constitutionality of § 6331); *Muncaster v. Baptist,* 367 F.Supp. 1120, 1123 (D.C.Ala.1973), *aff'd,* 507 F.2d 1279 (5th Cir.), *cert. denied,* 423 U.S. 849, 96 S.Ct. 91, 46 L.Ed.2d 72 (1975). Finally, although it appears that plaintiff claims *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), as the basis of subject matter jurisdiction in this Court, Opposition at 4, he has not shown any reason for the Court to imply a federal cause of action when courts have consistently upheld the current IRS collection and litigation process as adequate remedy in tax disputes. Each of these jurisdictional difficulties would justify dismissal of plaintiff's suit.

■ Plaintiff, has in addition to his Opposition filed August 19, 1987, filed a Second Opposition wherein he argues that this Court "lacks jurisdiction to grant the motion to dismiss" because his complaint is a "suit at common law" and therefore is guaranteed a jury trial by the Seventh Amendment. Plaintiff's claim, however, is for the return of a specific sum based on the value of the vehicle seized; thus, the action sounds in equity rather than at common law, despite the "civil penalties" and punitive damages plaintiff also seeks. Plaintiff does not have the right to a jury trial in a suit for allegedly invalid imposition and collection of taxes. *Martin v. Commissioner of Internal Revenue,* 756 F.2d 38, 40 (6th Cir.1985) ("Because no

cause of action existed at common law against the sovereign with respect to assessment of taxes, no right to jury trial exists...."). *Mathes v. Commissioner of Internal Revenue*, 576 F.2d 70, 71 (5th Cir.1978), *cert. denied*, 440 U.S. 911, 99 S.Ct. 1223, 59 L.Ed.2d 459 (1979) ("For a taxpayer to obtain a trial by jury, he must pay the tax allegedly owed and sue for a refund in a district court. 28 U.S.C. §§ 2402 and 1346(a)(1)"). Finally, the Court today finds that plaintiff's complaint may be dismissed as a matter of law; thus, there are no issues of fact for a jury to resolve.

## ORDER

In accordance with the attached Memorandum, it is this 30th day of October, 1987, by the United States District Court for the District of Maryland, ORDERED:

1. That defendants' motion to dismiss BE, and the same IS, hereby GRANTED;

2. That judgment BE, and the same IS, hereby ENTERED in favor of defendants;

3. That plaintiff's motion to produce BE, and the same IS, hereby DENIED for mootness; and

4. That a copy of this Memorandum and Order be mailed to plaintiff and counsel for the defendants.